# Scranton *v.* Engel, Appellant.

*Municipalities—Ordinances—Pawnbrokers—License—Act of March 7, 1901, P. L. 20.*

1. An ordinance of a city of the second class imposing a penalty of $200 for carrying on the business of a pawnbroker without a license, may be amended so as to reduce the penalty to $100, and thus make it conform to the Act of March 7, 1901, P. L. 20. A conviction and sentence under the amended ordinance will be sustained.

2. A conviction for violating such an ordinance will not be set aside on the ground that there was no evidence of the passage of such ordinance, where it appears that a copy of the ordinance was attached to the magistrate's record, and it was agreed that the case should be tried "on the evidence sent up by the magistrate as a part of his transcript."

3. An ordinance providing that a fine shall be paid to the city, imports that it shall be paid to the city treasury, and is not open to the objection that it does not disclose to whom the fine shall be paid.

Argued March 4, 1909. Appeal, No. 65, March T., 1909, by defendant, from order of Q. S. Lackawanna Co., Oct. T., 1908, No. 769, affirming judgment of justice of the peace in case of City of Scranton v. Charles B. Engel. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from judgment of justice of the peace on a summary conviction.

The opinion of the Superior Court states the case.

*Error assigned* was in affirming the judgment.

*John F. Scragg,* for appellant.

*H. R. Van Deusen,* assistant city solicitor, with him *David J. Davis,* city solicitor, for appellee.

OPINION BY HEAD, J., July 14, 1909:

An information was made before a police magistrate of the city of Scranton charging that the defendant was engaged in carrying on the business of a pawnbroker in that city, without having obtained the necessary license therefor from the department of public safety, contrary to the provisions of certain city ordinances. After hearing, he was adjudged guilty and fined the sum of $100 and costs of suit, and, in default of payment thereof, sentenced to be committed to the county jail for thirty days. An appeal was duly allowed by the court of quarter sessions of the county, and the learned judge of that court, in an opinion filed, affirmed the judgment of the magistrate. From that judgment the defendant appeals.

The authority of the city of Scranton to enact the ordinances in question is conferred by the Act of assembly of March 7, 1901, P. L. 20, entitled: "An Act for the government of cities of the second class." Paragraph 22 of sec. 3 of that act expressly confers upon such cities the power to levy and collect license taxes or fees, to be fixed by ordinance, upon street railways, hack drivers, pawnbrokers, peddlers, "and all other matters and things of a like nature, and to regulate the collection of the same and to provide penalties for default therein." Paragraph 43 of the same section confers the further authority "to make all such ordinances, by-laws, rules and regulations not inconsistent with the constitution and laws of this commonwealth, as may be expedient or necessary, in addition to the special powers in this section granted for the proper management, care and control of the city and its finances, and the maintenance of the peace, good government and welfare of the city . . . . and to enforce all ordinances by inflicting penalties upon inhabitants or other persons for the violation thereof, not exceeding $100 for any one offense, recoverable with costs, together with judgment of imprisonment not exceeding thirty days, if the amount of said judgment and costs shall not be paid."

By an ordinance enacted in 1903, known as "No. 47, File

of Select Council," the city, in execution of the power thus conferred, ordained "that no person shall use, exercise or carry on the business of pawnbroker within the city of Scranton without having first obtained a license from the department of public safety, as hereinafter provided." After regulating in a number of sections the manner in which said business, after being properly licensed, should be conducted, the ordinance provided in sec. 12 that any person who should engage in such business without taking out such license should forfeit and pay to the city of Scranton for every such offense the sum of $200. It is conceded by the appellee that the penalty thus provided was in excess of the authority conferred upon the city by the legislature, and therefore could not be enforced.

By a subsequent ordinance enacted in 1906, known as "No. 34, File of Common Council," sec. 12 of the preceding ordinance was so amended as to make the penalty for a violation of it a fine of $100, to be recovered by summary proceedings before a mayor or any police magistrate of the city of Scranton, and further providing that on default in the payment of any such fine, the person so convicted should be committed to the county jail for a period not exceeding thirty days.

We are of the opinion that the original ordinance, as thus amended, was a proper exercise of the power conferred upon the city by the provisions of the act already quoted. The objection that, because the city in the first-named ordinance fixed a penalty beyond the limits provided in the act of assembly, the entire ordinance became void, and therefore incapable of amendment, we do not think requires discussion. The illegal penalty could be well stricken from the municipal enactment, and all its remaining provisions could stand just as if the ordinance had been passed without any clause providing a penalty for its violation.

It is further objected that there is no evidence of the passage of said ordinance by city councils. The ordinances in full are attached to the magistrate's record along with the oral testimony of the witnesses heard by him. There is no allegation, by deposition or otherwise, that in fact the city never did enact such ordinances. In the opinion of the learned trial court

affirming the judgment, we find the following: "It was agreed at bar that the cases should be heard on the evidence sent up by the magistrate as part of his transcript." As the appellant does not deny the accuracy of this statement by the trial judge of what occurred before him, we regard this as a conclusive answer to the objection last referred to.

The ordinance, as amended, provides that the person convicted of carrying on the business of a pawnbroker shall forfeit and pay to the city of Scranton the sum of $100 for every such offense. In this we think it sufficiently appears, reading the original ordinance and the amendment together, that the fine was to go to the city treasury, and therefore we must disregard the objection that the ordinance is invalid because it does not declare to whom the fine should be payable.

Finally, the judgment of the magistrate, imposing the costs upon the defendant in addition to the fine, was exactly in accordance with the act of assembly already quoted which declared that such fine, when imposed, should be recoverable with costs: and the same may be said with reference to the judgment of imprisonment not exceeding thirty days on default of payment of such fine.

Unless, therefore, we are prepared to hold that the act of assembly referred to was an unconstitutional and invalid attempt at legislation, we feel obliged to sustain the ordinance and to hold that the record of the defendant's conviction exhibits no substantial error. We do not understand that the learned counsel for the appellant seriously urges the proposition that the legislature in the act quoted exceeded its constitutional powers. The assignments of error are therefore overruled.

Appeal dismissed at the costs of the appellant. The judgments of the magistrate and of the court below are affirmed, and the record is remitted with direction that the sentence be carried into execution.