## Chwatek *v.* Parks, Treasurer.

Argued February 24, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James E. Mayer*, with him *Glock and Mayer*, for appellant.

*James R. DiFrancesco*, City Solicitor, with him *DiFrancesco & DiFrancesco*, for appellee.

OPINION BY JUDGE MENCER, May 24, 1972:

The City of Johnstown (City) enacted Ordinance No. 3799 on December 31, 1968 under the authority of the Act of June 28, 1951, P. L. 662.[1] This ordinance was to be effective on the following day and imposed a tax equal to 10% of the gross receipts of every commercial parking lot located within the City. The City, as noted in the opinion of the court below, was proceeding under article XXVI of The Third Class City Code (Code) where it is empowered to levy and collect a license tax for general revenue purposes. 53 P.S. 37601.

Frank Chwatek (appellant) filed this action in equity seeking an injunction against the City Treasurer (appellee) which would prohibit him from enforcing against appellant the collection of the tax since the Code under which the ordinance was passed limits the tax imposed to an amount not exceeding $100 per annum.[2] Appellant averred in his complaint that the fee he would be required to pay, if computed according to the provisions of Ordinance No. 3799, would exceed the sum of $3500 for 1969.

Thereafter the City passed a *new ordinance*, No. 3815, purporting to amend Ordinance No. 3799. An examination of this second ordinance discloses that it (1) amended the preamble *only* of the original ordi-

---

[1] The act recited in the ordinance was an amendment to the Act of June 23, 1931, P. L. 932, as amended, 53 P.S. §35101, et seq., known as "The Third Class City Code."

[2] 53 P.S. §37601.

nance; (2) recites that the original ordinance was enacted under the authority of the Code and the Act of December 31, 1965, P. L. 1257, known as "The Local Tax Enabling Act", as amended, 53 P.S. §6901, et seq., and (3) enacts the following, *and nothing more:*

: "Section 2. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"Section 3. This ordinance shall become effective upon final passage."

The second ordinance could not breathe new life into an invalid ordinance by merely making reference to a statute and then failing to enact anything under the provisions of that statute. The amending ordinance did not impose any tax under The Local Tax Enabling Act (LTEA).

Section 4 of the original LTEA, 53 P.S. §6904, reads as follows:

"Prior to the passage of any ordinance or the adoption of any resolution imposing a tax or license fee under the authority hereunder granted, such political subdivision shall give notice of the intention to pass such ordinance or adopt such resolution. Such notice shall be given in addition to all other notices required by law to be given and shall set forth the substantial nature of the tax or license fee to be imposed by the proposed ordinance or resolution, the reason which, in the judgment of the officials of the subdivision, necessitates the imposition of the tax; and the amount of revenue estimated to be derived from the tax. Publication of such notice shall be made by advertisement once a week for three weeks in a newspaper of general circulation within such political subdivision if there is such newspaper and, if there is not, then such publication shall be made in a newspaper of general circulation within the county in which the advertising political subdivision is located.

"Every such tax shall continue in force on a calendar or fiscal year basis, as the case may be, without annual reenactment unless the rate of the tax is subsequently changed."

Here, Ordinance No. 3815 was introduced in City Council on February 18, 1969, was enacted and, by its terms, became effective on February 25, 1969. This was obvious noncompliance with the provisions of LTEA. Likewise, Ordinance No. 3799 was passed without meeting the notice requirements of LTEA.

The court below granted the appellee's motion for summary judgment and appellant filed this appeal.

Here the invalidity was imposing a tax equal to 10% on the gross receipts of every commercial parking lot when the statute under which it was enacted limits the tax imposed to an amount not exceeding $100 per annum. The second ordinance simply did not enact any valid provision to correct the invalid provision of the original ordinance.

Amending the preamble by reciting that the original ordinance was enacted under LTEA, *even though it was not,* would not make it so. Something that was invalid when enacted cannot subsequently be made valid *simply by reciting* that what was done wrong originally was done correctly. *A new enactment imposing the tax validly under the proper statutory authority was required.* It was not sufficient merely to make a statement that what we enacted is amended. Reciting that at the beginning we enacted the ordinance correctly under the proper statute, when actually it was not so done, will not suffice to make valid what is invalid.

Order reversed and City of Johnstown Ordinance No. 3799 is hereby declared invalid.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

While I agree with the position enunciated in the majority's opinion, I am compelled to comment on ap-

pellant's further argument that the transaction is a bailment and hence the transfer of possession of tangible personal property for a fee, upon which the Local Tax Enabling Act, 53 P.S. 6908(4), limits taxation to two percent. The City's answer to this contention is that the tax is not on the bailment transactions but rather on the transfer of moneys in the form of gross receipts.

Obviously, the City believes that while individual bailment transactions are protected by the two percent limitation, the gross receipts of these transactions are not, even if all receipts of a business come from the bailment of personal property. I cannot agree with this interpretation and would therefore hold the tax is also invalid as it applies to the receipts from the bailment of personal property.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

The majority opinion holds that an ordinance which incorrectly cites the statute under the authority of which it was enacted may not be cured by a subsequent amendment. In *Scranton v. Engel*, 39 Pa. Superior Ct. 534 (1909), the City of Scranton enacted an ordinance which provided that any pawnbroker engaging in business without a license would be subject to a fine of $200, and later amended the ordinance so as to reduce the fine to $100 when it was learned that the statutory authority to enact such an ordinance specifically provided for any fine levied thereunder to be limited to $100. The Superior Court found that the ordinance as originally enacted was valid except for the amount of the fine to be levied, and that the original ordinance and the amendment could be read together so as to make both effective. The reasoning in that case also seems persuasive here.

In this case, the majority makes no contention that the original ordinance, except for the citation of author-

420

ity, fails to comply with the Local Tax Enabling Act.[1] It seems to exalt form over substance, however, in holding that an otherwise valid ordinance cannot properly be given effect by a subsequent ordinance amending a section thereof which is not even a substantive part of the original ordinance.

As to the comment regarding the question of notice, this is merely speculation of the majority. No contention was made at any time by either party that proper notice was not given, and it seems to me that this Court should not take it upon itself to inject the issue. Especially is this true when the record itself does not clearly indicate whether proper notice was given or not.

I would find, therefore, that this ordinance was validly enacted as amended. I would also hold, however, that the effective date of the ordinance should be delayed thirty days from its date of the amendment so as to comply with Section 6 of the Local Tax Enabling Act, 53 P.S. §6906.

President Judge BOWMAN and Judge WILKINSON, JR., join in this dissent.

---

[1] Act of December 31, 1965, P. L. 1257, 53 P.S. §6901, et seq.