Chwatek *v.* Parks, Appellant.

Argued September 29, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

rear-gument refused February 13, 1973.

*James R. Di Francesco,* City Solicitor, with him *Di Francesco & Di Francesco,* for appellant.

*James E. Mayer,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 17, 1972:

On December 31, 1968, the City Council of the City of Johnstown enacted Ordinance No. 3799, called the "Parking Fee Ordinance", which imposed a tax of ten percent on the gross receipts of commercial parking lots located within the city. The ordinance stated that it was enacted under Article XXVI of The Third Class City Code, Act of June 28, 1951, P. L. 662, 53 P.S. §§35101 et seq. Under the code, cities of the third class are permitted to levy and collect license taxes for general revenue purposes, 53 P.S. §37601. Appellee, a parking lot operator, filed an action in equity, seeking to enjoin the city treasurer from enforcing the collection of the tax against him. The basis for his complaint in equity was 53 P.S. §37601, which limits a tax imposed under it to an amount not exceeding $100 a

year. He contended that the ten percent gross receipts tax, enacted ostensibly under the authority of that provision of The Third Class City Code, would exceed $3500 for 1969.

Thereafter, on February 25, 1969, the city passed Ordinance No. 3815, which purported to amend the previously enacted Ordinance No. 3799. Ordinance No. 3815 amended the preamble of Ordinance No. 3799, and recited that the original ordinance was enacted under the authority of The Third Class City Code and The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, 53 P.S. §6901 et seq. The ordinance contained nothing more than the previous recital and a section repealing all ordinances or parts of ordinances in conflict therewith, as well as a section making it effective upon final passage.

The equity action proceeded and eventually both parties filed motions for summary judgment. The Court of Common Pleas of Cambria County, on February 22, 1971, granted the city's motion for summary judgment and denied appellee's, but limited the collection of the tax to ten percent of gross receipts subsequent to February 25, 1969, the date of the enactment of the amendatory ordinance.

An appeal to the Commonwealth Court ensued, and that closely divided court reversed the summary judgment entered in the Court of Common Pleas of Cambria County and struck down the ordinance. *Chwatek v. Parks,* 5 Pa. Commonwealth Ct. 414, 291 A. 2d 333 (1972). We granted allocatur.

The majority opinion in the Commonwealth Court takes the position that the enactment of the amendatory ordinance (No. 3815) could not breathe new life into the invalid ordinance (No. 3799). Clearly ordinance 3799 was invalid if enacted under the authority of The Third Class City Code, that code not granting

authority to enact the tax which the ordinance enacted. The tax could have been enacted under the authority of The Local Tax Enabling Act and the Commonwealth Court majority takes the position that the simple recitation that the tax was enacted under The Local Tax Enabling Act, when the original ordinance enacting the tax was not adopted under the authority of that act, would not make it so. The Commonwealth Court majority held that only by enacting a new ordinance under the proper statutory authority could the situation be salvaged. The Commonwealth Court majority further held that The Local Tax Enabling Act required certain notices to be given prior to the enactment of taxes under that act, and that such notices were not given with reference to the amendatory Ordinance No. 3815. See 53 P.S. §6904. The majority opinion says that Ordinance No. 3815 was introduced in city council on February 18, 1969, and was enacted and became effective on February 25, 1969, therefore showing obvious non-compliance with the notice provisions of The Local Tax Enabling Act. It further states that Ordinance No. 3799 itself was passed without meeting those notice requirements.

One member of the Commonwealth Court who joined the majority opinion also filed a concurring opinion in which he agrees with appellee's other argument, namely, that since the transaction taxed is a bailment and hence the transfer of possession of tangible personal property for a fee, The Local Tax Enabling Act limits taxation to two percent. 53 P.S. §6908(4).

The three-member minority of the Commonwealth Court takes the position that the majority's decision is an exaltation of form over substance. It cites the Superior Court case of *Scranton v. Engel*, 39 Pa. Superior Ct. 534 (1909). There, the city of Scranton enacted an ordinance which provided a $200 fine for

conducting a pawnbroker shop without a license. Subsequently, the ordinance was amended to reduce the fine to $100 when it was discovered that the statutory authority to enact the ordinance limited the fine to $100. The Superior Court found that the ordinance as originally enacted was valid, except for the amount of the fine, and that the two ordinances could be read together so as to make both effective. Here, it reasons, the ordinance enacted, in the view of the majority, with the exception of the concurring opinion writer, was valid except for the citation of authority, and that it otherwise complies with The Local Tax Enabling Act, questions of notice not being considered. It believes that a subsequent ordinance amending a section which is not a substantive part of the original ordinance but recites the proper authority should be sufficient. Because we share the view of the Commonwealth Court dissenters, we reverse.

There can be no doubt of the city's power to enact a tax such as is here under consideration. The Local Tax Enabling Act clearly confers authority for the enactment of such a tax. *McGillick v. Pittsburgh,* 415 Pa. 581, 203 A. 2d 480 (1964). Without considering questions of notice required by the act or the argument as to bailments, the only defect in Ordinance No. 3799 was its erroneous statement of the authority under which the tax was imposed. That being the case, we fail to see any substantive reason why the amendatory Ordinance No. 3815, reciting the proper legislative authority should not be sufficient to cure the defect.

We neither consider nor decide the other alleged defects—notice and the bailment question. The Commonwealth Court dissenters accurately state that the question of lack of notice was never raised by anyone. A complete reading of the record discloses no reference to that issue. Nowhere in the complaint, the answer, the motions for summary judgment, the interrogatories

or answers thereto, the exhibits or affidavits is it possible to find that issue raised, and it was apparently injected into the litigation, sua sponte, by the Commonwealth Court majority. We have consistently held that issues not raised or passed upon in the court of original jurisdiction should not be considered on appeal, and we see no reason in this case for departing from that rule.

Although the bailment argument was apparently made in the Commonwealth Court, (see Judge CRUMLISH'S concurring opinion in *Chwatek v. Parks, supra,* at pages 418, 419) the record in the Court of Common Pleas of Cambria County fails to disclose that that question was raised before, considered or decided by that court. What we have said herein with reference to the notice issue applies equally to the bailment question and the Commonwealth Court erred in considering or deciding either of those issues.

Finally, as pointed out by the Commonwealth Court dissenters, §6 of The Local Tax Enabling Act, 53 P.S. §6906, requires that a period of thirty days elapse from the date of the enactment of the tax before the tax may go into effect. Since we conclude that the tax was not properly enacted until the adoption of Ordinance No. 3815 on February 25, 1969, it may not become effective until thirty days after that date.

The order of the Commonwealth Court is reversed. The decree of the Court of Common Pleas of Cambria County is modified so as to make the effective date of the tax March 27, 1969, and as modified is affirmed. Each party to bear own costs.

Mr. Justice MANDERINO concurs in the result.

Mr. Chief Justice JONES and Mr. Justice EAGEN dissent.