500 A.2d 418

**Paul G. ESTEP, Appellee,**

**v.**

**Thelma R. (Sharp) ESTEP, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1985.

Decided Nov. 13, 1985.

624

P. Louis DeRose, Scales, DeRose & Murray, Greensburg, for appellant.

Gary A. Falatovich, Joseph F. Cassarino, Joseph F. Cassarino, P.C., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

The parties in this action were married on July 2, 1978. Prior to their marriage, the Appellee purchased a tract of

land for $3,750 although title was listed in both parties as tenants in common. For seven months prior to the marriage, the parties lived together, Appellant supporting the Appellee while the Appellee constructed the dwelling on the aforesaid tract of land. The record indicates that a bank loan, the Appellee's mother, and the parties themselves contributed the funds to construct the house. Subsequent to their marriage, the parties deeded the property to themselves as tenants by the entireties. Although construction of the marital residence began prior to the marriage, it was not completed until after July, 1978. Domestic tranquility ended by August of 1980, when the parties separated. The Appellee thereafter filed a complaint in divorce on August 20, 1980.

In accordance with Pennsylvania Rule of Civil Procedure 1920.33, both parties filed their inventory and appraisal, in which each listed the above real estate and a Merrill Lynch stock account as marital assets. The Appellee did note, however, that he paid for the unimproved lot himself. On February 19, 1981, a hearing was held before a master to equitably distribute the marital property. In that hearing, the Appellee testified that the real estate was jointly owned and that the Appellant had contributed $8,000 towards the construction of the house. He also indicated that the house was 80 percent completed prior to the marriage. There also was testimony that the Appellant contributed towards the parties' living expenses during the time that they lived together but prior to their marriage.

With regard to the Merrill Lynch stock account, the Appellee testified as follows:

Q. ... You sold property in Brookville?

A. Property I had in Brookville for $2,500. I put it in the account at Merrill Lynch.

. . . . .

Q. You sold that property during your marriage to Mrs. Estep, and you placed the $2,500 in the Merrill Lynch . . .

A. I sold the property to people from Clairton, and I took the $2,500 and I had it in the bank in a safety deposit box, and I had worked and made some extra money on the job, and I put it all together. I will put this in the Merrill Lynch account in your name and my name. If something happens to me, you've got something. If something happens to you, I've got something. N.R. pp. 98–99a.

Reviewing all the evidence, the master determined that the Merrill Lynch stock account was a marital asset, and the balance was to be equally divided after payment of a joint obligation. With regard to the real estate, the master reasoned that since the property was originally held as tenants in common, each would be entitled to an undivided one-half interest whether classified as property held as tenants by the entireties or tenants in common.

The Appellee filed exceptions to the master's report which were denied by the lower court on October 13, 1981.[1] The Appellee then filed a timely appeal to Superior Court 474 A.2d 302, which reversed the order of the Court of Common Pleas of Westmoreland County. In reversing the lower court, the Superior Court sua sponte held that both the real estate and Merrill Lynch stock account were "non-marital" assets and therefore not subject to equitable distribution. Because the Superior Court exceeded its scope of appellate review, we now reverse and remand to the Superior Court for further review of the remaining issues properly preserved for appeal.

In *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), we reversed the Superior Court for considering an issue not previously raised before the lower court. In so doing we stated:

The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of

---

1. The Divorce Decree also was entered on October 13, 1981 as part of the court order.

deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisionmaking. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy.... Furthermore, sua sponte determinations raised many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court. (Citations omitted).

461 Pa. 485, 337 A.2d 257. See also *Thornburgh v. Lewis,* 504 Pa. 206, 470 A.2d 952 (1983) and *Chwatek v. Parks,* 450 Pa. 62, 299 A.2d 631 (1972).

■ Appellee argues that he preserved the issue of whether the real estate and Merrill Lynch stock were marital assets throughout the course of the proceedings and in the briefs submitted to Superior Court. Not only has the Appellee failed to cite to any evidence in the record, our independent review finds none.

The Appellee's exceptions to the master's report complain of the percentage of division of the marital property, not the determination of marital property. Specifically, Appellee alleged as follows:

1. The learned Master erred in making finding of fact number 5 in that the evidence shows that Plaintiff has and should have a substantially greater interest in the parties' real estate than Defendant.

      \*     \*     \*     \*     \*     \*

4. The learned Master erred in making finding of fact number 15 in that the evidence shows that Plaintiff made the entire contribution to the Merrill Lynch account, and said contribution was totally ignored by the Master, that the $6,000.00 paid to Plaintiff by Mrs. Beach was a loan and not a gift, and that Plaintiff's contribution to the parties' real estate was substantially greater than Defendant's for Plaintiff not only provided a significantly greater contribution to said house financially and by his skills as a work-

man, but he also assisted in the support of the parties during the period of construction. N.R. pp. 234–235a. Likewise, in his brief in support of his exceptions, Appellee argues that the division was improper not that both the Merrill Lynch stock account and the real estate should be excluded as non-marital property. It is clear that Appellee was aware of this difference in that his fifth exception challenged the master's determination that money in a safety deposit box was marital property.

Finally, in reviewing the testimony of the Appellee, it is clear that the Appellee considered the property as jointly owned. Not only did he list the disputed property as marital property on his inventory and appraisal, but also, the Appellee admitted at least twice during cross-examination that it was marital property and that he had advised a third party as such.

Accordingly, it is clear that the Superior Court improperly interjected a legal theory not otherwise considered or preserved. The Order of the Superior Court is reversed and the matter is remanded to the Superior Court to consider any other remaining issues not previously considered.

FLAHERTY, J., did not participate in the consideration or decision of this case.