662 A.2d 1106

**Joseph and Elena TREU, Appellants,**

v.

**HARLEYSVILLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 17, 1995.

Filed July 25, 1995.

James T. Vernile, Philadelphia, for appellants.

John K. Conner, Philadelphia, for appellee.

Before McEWEN, JOHNSON and BROSKY, JJ.

JOHNSON, Judge.

On this appeal, we are asked to determine whether the Court of Common Pleas of Philadelphia, in relying upon Philadelphia Local Rule *212.2, erroneously imposed sanctions upon appellants. Because we have no record evidence that the trial court followed the procedures set forth in Rule *212.2, we reverse.

The facts can be summarized as follows: Joseph and Elena Treu (the Treus) purchased a homeowner's insurance policy from Harleysville Insurance Company (Harleysville). In July 1992, the Treus submitted a claim to Harleysville for damage to their home caused by a storm. Thereafter, the Treus brought suit against Harleysville, claiming that Harleysville refused to pay them and failed to cooperate in a good-faith manner with the adjustment of the claim. Harleysville contended that the damage to the Treus' home was the result of long-term wear and deterioration, which was not covered under the policy.

In January 1994, the case underwent arbitration, and the Treus were awarded a total of $13,426.30. Harleysville filed an appeal and demanded a jury trial. A trial was scheduled to begin on June 20, 1994. In his Opinion in this matter, the trial judge, the Honorable Albert F. Sabo, stated that he met with both parties prior to trial and conducted two settlement conferences at which he asked them for their positions regarding settlement. *See* Trial Court Opinion, dated November 21, 1994, at 2. Judge Sabo further stated that the Treus valued the case at $13,426, while Harleysville valued it at $1,000 and neither party would amend its demand. *Id.* As a result, Judge Sabo recommended that the parties agree to a bench trial to avoid court costs amounting to approximately $2,500 per day. *Id.* The judge also stated that he informed the parties that he "would impose Rule *212[.2] sanctions on the party demanding a jury trial if the verdict is less than 80% of the value placed on the case." *Id.* Thereafter, Harleysville agreed to a bench trial, but the Treus demanded a jury trial.

Following a seven-day trial, the jury found in favor of the Treus and awarded them $948.40. At the end of the trial, Judge Sabo entered sanctions against the Treus in the amount of $17,500 relying upon Rule *212.2. *See* N.T., June 28, 1994, at 7. At that time, the Treus' counsel requested argument on this matter, but the court refused to hear it. *Id.* at 7–8. On July 6, 1994, the Treus filed a Motion to Vacate Oral Sanctions Order Under Rule *212.2. Although he did not rule on this motion, Judge Sabo filed his trial work sheet on July 28, 1994, which contained the following:

Jury verdict in favor of the [Treus] against [Harleysville] in the sum of $948.40.

The court enters judgment against the [Treus] in the sum of $17,500 on behalf of the court as sanction for court costs under Rule [*]212.2. [Harleysville] is directed to pay the $948.40 to the court as costs to be deducted from the $17,500.00 due by the [Treus] to the court.

The Treus now appeal.

On appeal, the Treus argue that the trial court erred and/or abused its discretion when it (1) imposed a $17,500 sanction that was entered in violation of the express provisions of Rule *212.2; (2) failed to consider the factors required by Rule *212.2 prior to imposing sanctions; and (3) refused to allow a hearing regarding the sanctions. The Treus further argue that (4) their due process rights were violated when Rule *212.2 sanctions were imposed without observance of the rule's procedures; and (5) Rule *212.2 is an unconstitutional burden on the right to a jury trial.

In pertinent part, Philadelphia Local Rule *212.2 provides:
Rule *212.2   Sanctions for Failure to Settle

\*       \*       \*       \*       \*       \*

(B) In any action tried by a jury in which the sole relief sought is money damages, the trial judge on his or her own motion or on motion of any party may direct the attorneys for the parties to appear for a settlement conference.

\*       \*       \*       \*       \*       \*

(D) If the trial judge determines that he or she can fairly evaluate the settlement value of the case, *he or she shall recommend a settlement amount to the attorneys for the parties, and the recommendation with the parties' agreement or non-agreement with it shall be recorded and made a part of the case file.* [Emphasis added.]

(E) [I]f prior to the verdict the defendant has agreed to pay the amount recommended by the trial judge but the plaintiff has not agreed to accept that amount and the final judgment is at least twenty (20) percent less than the trial judge's recommendation ... then the trial judge may, within ten (10) days after the final judgment, schedule a hearing to determine whether or not any sanctions shall be ordered against the party who had refused to settle.

*       *       *       *       *       *

(I) In the event the trial judge determines that sanctions shall be ordered against the party who refused to settle, he or she may order the party to pay to the County of Philadelphia all or part of the reasonable costs incurred as a result of the party's refusal to settle....

▆▆▆▆ First, we observe that the contentions raised by the Treus necessitate a review of the transcript of the settlement conference to determine if the judge did, indeed, follow the procedures set forth in Rule *212.2. "[I]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not a part of the record in the case." *Smith v. Smith,* 431 Pa.Super. 588, 591, 637 A.2d 622, 623 (1993), citing *McCaffrey v. Pittsburgh Athletic Assoc.,* 448 Pa. 151, 293 A.2d 51 (1972). Here, Judge Sabo described what occurred during the settlement conference. However, we cannot accept a trial court's assertions in its 1925 Opinion as an accurate portrayal of what transpired at a conference or in a trial without having a transcript of the proceedings in the certified record. *See Commonwealth v. Young,* 456 Pa. 102, 115–16, 317 A.2d 258, 264–65 (1974); *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 306, 461 A.2d 1292, 1294 (1983) ("a fact cannot become of record by virtue of its inclusion in the trial court opinion"); *Commonwealth v. Ingber,* 516 Pa. 2, 8 n. 3, 531 A.2d 1101,

1103–04 n. 3 (1987). Furthermore, there is nothing in the certified record to show that a settlement conference ever took place. As a result, there is no indication that Judge Sabo recommended a settlement amount to the parties' attorneys, and such a recommendation was never recorded and made a part of the case file as required by Rule *212.2(D). On this basis alone, we must reverse the order that imposed a sanction on the Treus.

Moreover, Judge Sabo's error was compounded by his failure to comply with the requirements of Rule *212.2(E). The judge imposed a $17,500 sanction upon the Treus. However, under subsection E, if the final judgment is at least 20% less than the trial judge's recommendation, the judge may schedule a hearing to determine whether sanctions shall be ordered. Accordingly, because Judge Sabo never recommended a settlement amount, he could not determine whether the final judgment was at least 20% of that amount. Further, even if the final judgment was at least 20% less than the recommendation, the trial judge was not empowered to order sanctions at that time; rather, he had the discretion to schedule a hearing to determine whether sanctions should be imposed. Again, the order clearly must be reversed.

In addition, we acknowledge that we are foreclosed from deciding issues not before us on appeal. *Cf. Estep v. Estep*, 508 Pa. 623, 500 A.2d 418 (1985) (Superior Court's scope of appellate review is exceeded when issue is considered sua sponte); *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (same). However, we have serious reservations regarding a rule that gives a trial judge the power to enforce an order that includes monetary sanctions for failure to accept a settlement. In the present case, Judge Sabo ordered the Treus to pay the court $17,500 as a sanction under Rule *212.2. Article 5, § 10(c) of the Pennsylvania Constitution gives our supreme court exclusive power to establish rules of procedure for all state courts. While the supreme court can delegate certain supervisory and administrative powers under 42 Pa.C.S. § 1721, we have found nothing to support an assertion that it has granted to the common pleas courts the

type of power which is manifest in Rule *212.2. We also believe that there is a potential for misuse or abuse of power in a rule that permits a trial court to impose sanctions where the money flows directly back to that authority. Further, Rule *212.2 purports to supplement Pa.R.C.P. 212. However, a review of both rules reveals that they are not related in any way. Thus, we would seriously doubt whether the trial court has the authority to seek to enforce such a rule.

Because we have no record evidence that a settlement conference occurred or that the trial judge followed the procedures set forth in Philadelphia Local Rule *212.2, we reverse the order that imposed a $17,500 sanction upon the Treus for court costs pursuant to that rule.

Order Reversed.

McEWEN, J., concurs in the result.