### Leonard MANCINI

v.

### SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Tiffany Tingle, Appellants.

### Annie Williams

v.

### Leonard Mancini and Southeastern Pennsylvania Transportation Authority, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 16, 2000.

Submitted May 17, 2000.

Decided June 27, 2000.

Robert M. Waller, Philadelphia, for appellants.

No appearance entered on behalf of appellees.

Before MCGINLEY, Judge, LEADBETTER, Judge, JIULIANTE, Senior Judge.

JUILIANTE, Senior Judge.

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from two orders of the Court of Common Pleas of Philadelphia County (trial court), dated September 23, 1999, that transferred the underlying civil actions to compulsory arbitration and ordered SEPTA to bear the costs of said arbitration. For the reasons that follow, we affirm in part and reverse in part.

On April 20, 1998, Annie Williams commenced a civil action against SEPTA and Leonard Mancini, alleging that, while a passenger on a SEPTA bus on December 21, 1996, she sustained injuries as a result of a collision between the bus and Mr. Mancini's 1998 Mitsubishi pick-up truck. Two other lawsuits were also commenced as a result of that same accident and, by order dated June 30, 1998, the trial court consolidated Ms. Williams' action with the other two pending cases.

Similarly, on November 25, 1998, Mr. Mancini commenced an action against SEPTA and Tiffany Tingle, an employee of SEPTA, averring that he sustained injuries as a result of the collision between his vehicle and the bus. Mr. Mancini alleged that Ms. Tingle was negligent in her operation of the bus. On April 5, 1999, Mr. Mancini's action was consolidated with the other pending lawsuits.

By September 23, 1999, one of the four lawsuits had settled and the remaining lawsuits were transferred to compulsory arbitration. Of the three ordered to arbi-

tration, the trial court, by separate orders dated September 23, 1999, ordered that SEPTA bear the costs of arbitration for the *Mancini* and *Williams* cases.[1] On review, we are asked to determine whether the trial court erred in ordering SEPTA to bear the costs of arbitration regardless of the outcome.[2,3]

In its opinion in support of its orders,[4] the trial court stated that it imposed the costs of arbitration on SEPTA because it unreasonably refused to pay minimal "costs-of-defense" to settle all four cases and prevent further proceedings. The trial court further opined that since SEPTA failed to comply with Pennsylvania Rule of Appellate Procedure 1923,[5] any complaints by SEPTA regarding the lack of a record were waived.

In addition, the trial court analogized Philadelphia County Court Rule *212.2 (Local Rule *212.2) to the present situation. Local Rule *212.2 allows the trial court to impose sanctions on a party for its failure to settle a lawsuit. The trial court determined that SEPTA's refusal to make an offer to settle was inappropriate and vexatious and, therefore, it imposed the costs of arbitration against SEPTA. We now conclude that the trial court erred in assessing the costs of arbitration against SEPTA.

Pursuant to Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, local courts are permitted to establish compulsory arbitration procedures. Although Section 7361 does not provide for the payment or allocation of costs incurred, it does provide that the arbitrators shall have the powers prescribed in the general arbitration rules. Section 7312 of the general arbitration rules provides that "[u]nless otherwise prescribed in the agreement to arbitrate, the expense and fees of the arbitrators and other expenses (but not including counsel fees) incurred in the conduct of the arbitration shall be paid as prescribed in the award." Section 7312 of the Judicial Code, 42 Pa.C.S. § 7312. In other words, the allocation of the costs of arbitration is within the discretion of the arbitrators and not the trial court.

Additionally, Pennsylvania Rule of Civil Procedure 1306, relating to compulsory arbitration awards, provides that the arbitration panel shall dispose of all claims for relief and, if requested, make an award for delay damages under Pennsylvania Rule Civil Procedure 238. Pa.R.C.P. No. 1306. Thus, should the arbitration panel find in favor of Mr. Mancini and Ms. Williams, the Rules of Civil Procedure provide a mechanism whereby they may seek recovery for an unreasonable delay in the proceedings. *See* Pa.R.C.P. No. 238; *Craig v. Magee Mem'l Rehabilitation Ctr.*, 512 Pa. 60, 515 A.2d 1350 (1986) (if the plaintiff's recovery results from an arbitration proceeding, the plaintiff may petition for delay damages).

---

1. SEPTA filed separate appeals from the trial court's September 23, 1999 orders. By order of May 17, 2000, we consolidated the appeals for disposition.

2. By orders dated November 10, 1999, Senior Judge Warren G. Morgan of this Court determined that the trial court's September 23, 1999 orders were appealable. Judge Morgan ordered that the cases proceed to compulsory arbitration but that no costs be taxed during the pendency of these appeals.

3. Neither Mr. Mancini nor Ms. Williams is participating in their respective appeals.

4. *See* Pa.R.A.P.1925(a).

5. Rule 1923 provides as follows:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant *may* prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.
> Pa.R.A.P.1923 (emphasis added).

■ Furthermore, we conclude that the trial court erred in analogizing Local Rule *212.2 to the present situation. Local Rule *212.2 provides, in pertinent part, as follows:

(C) Prior to termination of the settlement conference, the Trial Judge shall determine whether he or she can fairly evaluate the settlement value of the case.

(D) If the Trial Judge determines that he or she can fairly evaluate the settlement value of the case, he or she shall recommend a settlement amount to the attorneys for the parties, and the recommendation with the parties' agreement or non-agreement with it shall be recorded and made part of the case file.

(E) If prior to the verdict the plaintiff has agreed to accept the amount recommended by the Trial Judge but the defendant has not agreed to pay that amount and the final judgment is at least twenty (20) percent more than the Trial Judge's recommendation (e.g., if the Judge's recommendation is $10,000, the final judgment must be $12,000 or more), or if prior to the verdict the defendant has agreed to pay the amount recommended by the Trial Judge but the plaintiff has not agreed to accept that amount and the final judgment is at least twenty (20) percent less than the Trial Judge's recommendation (e.g., if the Judge's recommendation is $10,000, the final judgment must be $8,000 or less), then the Trial Judge may, within ten (10) days after the final judgment, schedule a hearing to determine whether or not any sanctions shall be ordered against the party who had refused to settle.

Philadelphia County Civil Division Court Rule *212.2.

Presently, the record before us is devoid of any evidence suggesting the trial court's settlement recommendation. Even assuming such a recommendation was made, the underlying lawsuits have not gone to trial and, therefore, there is no verdict. Thus, the trial court could not have determined that its recommendation was at least twenty percent of the verdict. Furthermore, the trial court failed to hold a hearing to determine whether sanctions were appropriate.[6]

In *Treu v. Harleysville Ins. Co.*, 443 Pa.Super. 567, 662 A.2d 1106 (1995), the Superior Court was confronted with the issue of whether sanctions were appropriate under Local Rule *212.2. The Treus purchased a homeowner's insurance policy from Harleysville. In mid–1992, they submitted a claim for damages to their home caused by a storm. Harleysville denied the claim.

The Treus brought a suit alleging that Harleysville refused to pay and failed to cooperate in a good faith manner. Harleysville maintained that the damages to the Treus' home were the result of long-term wear and deterioration.

The matter went to arbitration and the Treus were awarded $13,426 .30. Harleysville appealed and demanded a jury trial. A jury trial was scheduled to begin in June of 1994.

In its opinion, the lower court stated that it met with the parties prior to the trial and conducted two conferences at which settlement was discussed. The Treus valued the case at $13,426.30 and Harleysville valued it at $1,000.00. The lower court then suggested a bench trial to avoid court costs, stating that it would impose Local Rule *212.2 sanctions against the party demanding a jury trial. While Harleysville agreed to a bench trial, the Treus did not.

---

**6.** Since the trial court did not hold a hearing under Local Rule *212.2(E), it follows that it did not take into consideration those factors listed in Subsection (F) in imposing the costs of arbitration, e.g., whether there was any merit to plaintiff's claim or defendant's defense or whether the plaintiff's evidence of damages was exaggerated or defendant unduly minimized the plaintiff's damages, etc.

After a seven-day jury trial, the jury returned a verdict in favor of the Treus in the amount of $948.40. Accordingly, the lower court entered sanctions against the Treus in the amount of $17,500.00. The Treus' counsel requested oral argument on the matter, but the lower court refused. Although the lower·court did not rule on it, the Treus filed an oral motion to vacate sanctions.

The Treus appealed to the Superior Court, arguing that the lower court erred and abused its discretion when it imposed sanctions pursuant to Local Rule *212.2. In order to review the Treus' complaints, the Superior Court found it necessary to review a transcript of the settlement conferences to determine whether the lower court followed the procedures of Local Rule *212.2. Since the record did not contain such a transcript, the Superior Court reversed the order of sanctions. The Superior Court reasoned that it could not assume that the lower court's assertions were an accurate portrayal of the settlement conferences, if indeed they took place.[7]

In addition, the Superior Court noted that the *Treu* court failed to comply with the requirements of Local Rule *212.2(E). The Superior Court pointed out that since the lower court failed to make a recommendation of settlement to the parties, it could not determine if the final judgment was at least twenty percent of its recommendation. Moreover, the lower court failed to hold a hearing to determine whether sanctions were appropriate.[8]

Although factually dissimilar to the case *sub judice*, the application of Local Rule *212.2 is similar. There is no evidence of record in the present case to indicate that the trial court made a recommendation of settlement to the parties or attempted to

hold a hearing on the matter. Additionally, the trial court cannot compare any recommendation, if made, to the verdict, since a verdict has not yet been rendered. For these reasons, we conclude that the trial court erred in analogizing Local Rule *212.2 to the present situation.

Accordingly, based upon the foregoing, we affirm that portion of the trial court's orders submitting the *Williams* and *Mancini* lawsuits to compulsory arbitration and reverse that portion of the trial court's orders mandating SEPTA to bear the costs of said arbitration.

### *ORDER*

AND NOW, this 27th day of June, 2000, it is hereby ordered that the September 23, 1999 orders of the Court of Common Pleas of Philadelphia County at docket numbers 9804–01696 and 9811–03319 are affirmed to the extent that they refer the civil suits to compulsory arbitration and are reversed to the extent that they mandate SETPA to bear the costs of said arbitration.

---

**7.** The Superior Court noted that the docket sheet did not indicate that the settlement conferences occurred.

**8.** The Superior Court further questioned the validity of Local Rule *212.2. Although that particular issue was not before the Court, the

Superior Court noted its reservations regarding a rule that gives the lower court the power to enforce an order that includes monetary sanctions for failure to accept a settlement.