## Zeiter v. Christman

*John J. Speicher,* for plaintiffs.
*Maryann E. Higgins,* for defendant.

SCHAEFFER, *S.J.,* May 6, 2003—On February 4, 2000, plaintiffs, J. Donald Zeiter and Joan A. Zeiter, and their minor daughter, Sarah, were involved in a motor vehicle accident on Boyertown Pike, S.R. 562, in Amity Township, Berks County, Pennsylvania. The defendant, Ronald Christman, while driving under the influence,

crashed his mother's Chevy Blazer into plaintiffs' Chevy Cavalier. Plaintiff Joan Zeiter suffered serious injuries. On October 9, 2001, plaintiffs filed their complaint for damages.

A jury was selected on February 4, 2003 and trial began on February 10, 2003. The defendant entered into a stipulation that he was negligent. On February 12, 2003, the jury began its deliberations. The morning of February 13, 2003, before the jury returned its verdict, the parties settled the case. On that same date, the court issued a rule on the parties to show cause, if any they had, why they should not be made to pay the costs incurred by the County of Berks, pursuant to B.R.C.P. 217.3. The parties filed their responses to the rule and the court heard oral argument.

Both plaintiffs and the defendant argue that, in light of the recent decision in *Stewart v. Owens-Corning Fiberglas,* 806 A.2d 34 (Pa. Super. 2002), this court is without authority under the Pennsylvania Constitution to impose the costs of trial on litigants who have been unable to settle a case prior to trial. Defendant also argues that only the Pennsylvania Supreme Court has the exclusive authority to prescribe, by general rule, standards governing the imposition and taxation of costs.

The Superior Court, in *Treu v. Harleysville Insurance Company,* 443 Pa. Super. 567, 572, 662 A.2d 1106, 1109 (1995), reversed the order of the trial court which entered sanctions against the plaintiffs in the amount of $17,500, relying upon Philadelphia Court of Common Pleas Local Rule 212.2, which permits a trial judge in certain circumstances to order a non-settling party to pay

the costs of conducting a trial.[1] On appeal, the Treus argued that the trial court erred and/or abused its discretion when it entered the sanction in violation of the express provisions of Rule 212.2, failed to consider the factors required by Rule 212.2 prior to imposing sanctions, and by refusing to allow a hearing on sanctions. They further argued that the refusal to allow a hearing regarding the sanctions violated their due process rights by imposing sanctions without observance of the rule's procedures, and that the rule was an unconstitutional burden on the right to a jury trial. Appellants did not challenge the authority of the trial court to create and enforce such a rule. The Superior Court, nonetheless,

---

1. *Philadelphia Court of Common Pleas Local Rule 212.2, Sanctions for failure to settle, states:*

"(B) In any action tried by a jury in which the sole relief sought is money damages, the trial judge on his or her own motion or on motion of any party may direct the attorneys for the parties to appear for a settlement conference. . . .

"(D) If the trial judge determines that he or she can fairly evaluate the settlement value of the case, he or she shall recommend a settlement amount to the attorneys for the parties, and the recommendation with the parties' agreement or non-agreement with it shall be recorded and made a part of the case file.

"(E) If prior to the verdict the defendant has agreed to pay the amount recommended by the trial judge but the plaintiff has not agreed to accept that amount and the final judgment is at least 20 percent less than the trial judge's recommendation ... then the trial judge may, within 10 days after the final judgment, schedule a hearing to determine whether or not any sanctions shall be ordered against the party who refused to settle. . . .

"(1) In the event the trial judge determines that sanctions shall be ordered against the party who refused to settle, he or she may order the party to pay to the County of Philadelphia all or part of the reasonable costs incurred as a result of the party's refusal to settle."

stated *its* concerns with the authority of the Philadelphia Court of Common Pleas to create and enforce Rule 212.2:

"[W]e have serious reservations regarding a rule that gives a trial judge the power to enforce an order that includes monetary sanctions for failure to accept a settlement . . . Article 5, Section 10(c) of the Pennsylvania Constitution gives our [S]upreme [C]ourt exclusive power to establish rules of procedure for all state courts. While the [S]upreme [C]ourt can delegate certain supervisory and administrative powers under 42 Pa.C.S. §1721, we have found nothing to support an assertion that it has granted to the common pleas courts the type of power which is manifest in Rule *212.2. We also believe there is a potential for misuse or abuse of power in a rule that permits a trial court to impose sanctions where the money flows directly back to that authority." *Treu,* 443 Pa. Super. at 572, 662 A.2d at 1109.

However, in *Treu,* the Superior Court was foreclosed from deciding issues not before it on appeal and its reservations concerning the local rule were dicta.

This was not the case seven years later in *Stewart, supra,* where this issue was squarely raised. In *Stewart,* the appellant was sanctioned pursuant to the same local rule as in *Treu,* Philadelphia Local Rule 212.2, based upon its refusal to settle. Appellant appealed the order imposing sanctions. Appellant argued that Rule 212.2 is invalid because the Philadelphia Court of Common Pleas was without authority to adopt the rule, and that this rule violated the due process and equal protection clauses of the Pennsylvania and United States Constitutions. The Superior Court agreed, stating:

"While 42 Pa.C.S. §1721 permits the Supreme Court to delegate certain supervisory and administrative powers, 42 Pa.C.S. §323 directs that every court shall have only the power to make rules and orders which are not prescribed by the Supreme Court's general rules. Section 1726 states that the Supreme Court is the authority authorized to prescribe by general rules the standards governing the imposition and taxation of costs. 42 Pa.C.S. §1726; 42 Pa.C.S. §102 (defining governing authority as the Supreme Court). It further directs that 'all system and related personnel shall be bound by such general rules.' 42 Pa.C.S. §1726(A). In speaking with regard to the imposition of actual costs, section 1726 directs that the Supreme Court be guided by consideration that '[t]he imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules or rules of court.' 42 Pa.C.S. §1726(A)(3). We can find no authority granted to the Philadelphia Court of Common Pleas to create a rule which in certain circumstances, unrelated to a penalty for violation of a particular rule, adds to the taxable cost of the case." *Id.* at pp. 38-39.

The Superior Court in *Stewart* reversed the order that imposed the sanction, stating, "[T]here is no authority authorized by our Supreme Court to direct the payment of costs of conducting a trial to a litigant who refuses to settle." *Id.* at p. 39.

The common pleas court cannot act in an area where the Supreme Court has not acted. To the contrary, the common pleas court can only act where the Supreme Court has acted and has authorized the common pleas court to act.

The Berks County Rule of Civil Procedure at issue, B.R.C.P. 217.3, jury costs on continuance or settlement of a cause of action, states:

"When a continuance is granted upon application of a party or a case is settled, either within three days of the date set for jury selection or after a jury has been impaneled, the court may impose on the party making the application for continuance or on both parties, if the case is settled, the reasonable costs actually incurred by the county and/or the jurors in impaneling said jury.

"When a continuance has been granted or a case has been settled under the circumstances outlined above and costs imposed, the party upon whom such costs have been imposed may not, so long as such costs remain unpaid, take any further step in such or any other suit without prior leave of court." B.R.C.P. 217.3, effective March 22, 1999.

The Pennsylvania Rule of Civil Procedure 217, costs on continuance, provides:

"When a continuance is granted upon application made subsequent to the preliminary call of the trial list, the court may impose on the party making the application the reasonable costs actually incurred *by the opposing party* which would not have been incurred if the application had been made at or prior to such preliminary call.

"Where a continuance has been so granted and costs imposed, the party upon whom such costs have been imposed may not, so long as such costs remain unpaid, take any further step in such suit without prior leave of court.

"A party upon whom such costs are so imposed and who was at fault in delaying the application for continuance may not recover such costs, if ultimately success-

ful in the action; otherwise such costs shall follow the judgment in the action." Pa.R.C.P. 217, adopted September 8, 1938, effective March 20, 1939. Amended April 18, 1975, imd. effective; April 12, 1999, effective July 1, 1999. (emphasis added)

In the case at bar, both parties raise the issue of this court's authority to impose the costs of the trial. Counties possess authority to make rules for the operation of their own court systems. 42 Pa.C.S. §323; *Byard F. Brogan Inc. v. Holmes Electric Protective Co.,* 501 Pa. 234, 460 A.2d 1093 (1983). "Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure." *Dillon by Dillon v. National Railroad Corporation (AMTRAK),* 345 Pa. Super. 126, 132, 497 A.2d 1336, 1339 (1985). (citation omitted)

We are constrained to agree with the parties, based on the Superior Court's decision in *Stewart, supra.*[2] B.R.C.P. 217.3 adds to the taxable costs, not the costs of trial incurred by the *other party,* but the costs incurred by the county. This is exactly what Philadelphia Local Rule 212.2 imposed. This expands upon the list of items that can be included as taxable costs to an offending party. The standards for costs, "which include the items which may constitute taxable costs and the litigants who shall bear such costs," are governed by the Supreme Court. 42 Pa.C.S. §1726(a). The local Berks County rule, like the Philadelphia local rule, is inconsistent with the Penn-

---

2. Because we have decided this matter based on the issue of the court's authority to enforce B.R.C.P. 217.3, we will not address the other issues raised.

sylvania Rule of Civil Procedure because the state rule does not impose costs incurred by someone or some entity other than a party to the action. The costs of providing a jury, including their daily fee, their mileage, their parking and their food, as well as providing tipstaff, were incurred by the County of Berks, who was not a party to this action. We find we are without the authority to impose such costs upon a litigant.

One final issue comes to mind. Can one judge on a multi-judge court rule that a rule of that court is invalid and/or unconstitutional? While it may appear to us that a rule adopted by a multi-judge court cannot be held invalid by a single judge of that court, an appellate court can, obviously, do so.

The Superior Court, in *Stewart, supra,* has clearly held that Philadelphia Common Pleas Rule no. 212.2 is invalid. Following the reasoning in *Stewart,* the similar Berks County rule is also invalid.

We will not enforce Berks County Rule of Civil Procedure 217.3, not because we are overruling our colleagues but because we are following the direction of the Superior Court.

Accordingly, we enter the following order:

## ORDER

And now, May 6, 2003, in consideration of the briefs filed by the parties, and after hearing argument, and pursuant to *Stewart v. Owens-Corning Fiberglas,* 806 A.2d 34 (Pa. Super. 2002), it is hereby ordered that the rule issued upon the parties on February 13, 2003 is discharged.