467 A.2d 894

**John Frederick THILL and Louis J. Presenza, Executors of the Estate of Carmelita G. Thill Larner, Deceased**

v.

**Leroy LARNER, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1982.

Filed Nov. 10, 1983.

---

Lawrence J. Arem, Philadelphia, for appellant.

Abraham J. Golden, Philadelphia, for appellees.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

LIPEZ, Judge:

The appellant was the defendant in this divorce action, which was brought in 1978 on grounds of indignities. After protracted hearings, the master filed a report on June 18, 1980, recommending that a divorce be granted. On the following day, appellant filed exceptions to the report. On August 18, 1980 appellant filed an election that all further proceedings be under the Divorce Code of 1980. On November 24, 1980 the court below entered an order permitting the election and ordering that the case "proceed under the Divorce Code, effective July 1, 1980 and the applicable Rules of Civil Procedure." On the same day, the court entered an order denying the exceptions, but also purporting to "retain jurisdiction of this matter pursuant to § 401(b) of the Divorce Code of 1980." The order denying

the exceptions was entered as a final decree of divorce, and on December 17, 1980, this appeal was taken.[1]

Appellant contends the court erred in bifurcating the case, i.e., in granting an immediate divorce while setting "other matters" aside to be decided later. If this were an ordinary case, we would be inclined to agree, because the court below did not make any findings based on the record concerning the effect on the parties of separating the divorce issue from the issues of the parties' other rights under section 401(b) of the Divorce Code. Ordinarily, we would have to remand in such a case so that the lower court could build a record and exercise its discretion as a basis for review. *See Wolk v. Wolk*, 318 Pa.Super.Ct. 311, 464 A.2d 1359 (1983).

The reason there is no need for remand here is that when the lower court entered the decree of divorce, there were no other matters to be decided under section 401(b). Section 401(b) provides:

Any decree granting a divorce or an annulment, shall include after a full hearing, *where these matters are raised in the complaint, the answer or other petition,* an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation

---

1. There appears to be a great deal of confusion concerning what order was appealed. The notice of appeal simply stated that it was from the order of November 24, 1980, but the lower court entered two orders on that day. The cover of appellant's brief states that the appeal is from the order "entering a decree of divorce," while the brief itself says the appeal is from both that order and the order that the case proceed under the Divorce Code of 1980. As appellee points out, the latter order, if appealed, must be quashed as interlocutory. *Toll v. Toll,* 293 Pa.Super.Ct. 549, 439 A.2d 712 (1981). In addition, appellant has no standing to appeal that order, since he is not "aggrieved" by it. *See* Pa.R.A.P. 501. We regard the properly appealable order (which was entered as a final decree of divorce) as the order from which this appeal was taken. The appeal from this order is sufficient to raise the bifurcation issue, which is the only issue which the appellant wishes to present.

agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable.

Act of April 2, 1980, P.L. 63, No. 26, § 401(b), 23 P.S. § 401(b) (Supp.1983–1984) (emphasis supplied). Appellant has never at any stage of the proceedings raised any matter provided for in section 401(b). Since there were no matters before the court other than whether or not to grant the divorce, it follows that there was no need for the court to exercise any discretion with respect to other matters, and the portion of the court's order retaining jurisdiction under section 401(b) is a nullity. Therefore we shall affirm the lower court's order insofar as it grants the divorce, and vacate it insofar as it retains jurisdiction.[2]

Order affirmed insofar as it grants the divorce, but vacated insofar as it retains jurisdiction under section 401(b) of the Divorce Code of 1980.

2. Appellees (executors of the estate of appellant's former wife, for whom they were substituted as parties when she died while this appeal was pending) request that we also vacate the order granting appellant's election to proceed under the Divorce Code of 1980. As discussed in note 1, *supra,* we do not regard that order as being one from which the appeal was taken, and it is not before us. However, our vacating the lower court's retention of jurisdiction (which is part of the order which was appealed) has the effect sought by appellee, preventing the lower court from taking further action.