684 A.2d 192

**Colleen LEISTER**

**v.**

**Raymond LEISTER, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1996.

Filed Oct. 28, 1996.

John J. Keller, Allentown, for appellant.

Michael C. Deschler, Bethlehem, for appellee.

Before McEWEN, President Judge, and DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH, JOHNSON, HUDOCK and SCHILLER, JJ.

DEL SOLE, Judge:

Presented for our consideration is the question of whether an award of spousal support entered in response to a complaint for support which is filed separately from a pending divorce action, is immediately appealable. Because we conclude that this situation is indistinguishable from one where an order for spousal support is entered in connection with a divorce action, we find the instant support order to be unap-

pealable until final disposition of the divorce and related economic matters.

The parties to this action were married approximately ten years, and had no children when Appellant–Husband instituted an action for divorce. A short time later Appellee–Wife filed a petition for spousal support, but later withdrew it when the parties agreed on the terms of a Property Settlement Agreement. The Agreement was later declared to be null and void by court order and Wife filed a new claim for spousal support. The matter was presented before a Domestic Relations Hearing Officer and an order of spousal support in favor of Wife, recommended by the Hearing Officer, was entered. Husband then requested a *de novo* hearing before the court. The court heard testimony presented by the parties and permitted counsel to submit written points of authority. Thereafter, the court entered a final order of support, affirming the earlier order.[1]

Although the appealability of the support order is not addressed by the parties in this case, we, nevertheless, will examine this question since the appealability of an order goes to the jurisdiction of the court and may properly be raised by the court *sua sponte*. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). It is necessary in making this ruling to define precisely the situation which causes us to question the appealability of the support order before us. The order was entered following a request which was made independent of a pending divorce action. We are not concerned with a spousal support order entered where no divorce complaint has been filed and, therefore, no divorce action is pending, or an order entered in a divorce action which has not been initiated by an independent complaint during the pendency of a divorce action. *See Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986). Further, we do not address a situation in which a single unallocated order of child and spousal support has been entered,

1. The trial court has indicated that its proceedings were conducted in the Northampton County Domestic Relations Section by authority of Pennsylvania Rules of Civil Procedure, 1910.10 and 1910.11, 42 Pa. C.S.A.

regardless of how it was initiated. *See id.* Although treatment of some of these unrelated matters by the courts of this Commonwealth has aided us in the resolution of the matter before us, we have before us the narrow question involving the appealability of a support order which was initiated independent of a pending divorce action.

This court has held that we are without jurisdiction to entertain an interlocutory appeal from a spousal support order which is set in a divorce action. *Id.* The spousal support order in *Ritter* was made following the filing of a divorce action by the husband, and the wife's request in her Answer for alimony pendente lite or spousal support. An appeal from the court's order of support was found to be premature, and was quashed. In support of its ruling, the *Ritter* court relied on our supreme court's decision in *Fried, supra,* which held that an interim order of alimony pendente lite was interlocutory and not reviewable until the final disposition of the case. The *Ritter* court, in concluding that spousal support and alimony *pendente lite* are "indistinguishable in the context of a divorce action," *Ritter* at 16, 518 A.2d at 321, quoted to that portion of the *Fried* opinion which reasoned that the logic which once permitted these types of appeals no longer applies under the Divorce Code of 1980:

> [I]t was previously held that the payor spouse was entitled to immediate appeal because the amounts paid under such order would be irretrievable. This reasoning, however, fails under the Divorce Code of 1980. As stated in Judge Beck's dissent, "... the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Sutliff [v. Sutliff], supra,* 326 Pa.Super. [496] at 504, 474 A.2d [599] at 603 [ (1984) ] (Beck, J., dissenting.) In the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus,

under the new Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported.

*Ritter,* 359 Pa.Super. at 15–16, 518 A.2d at 321, (quoting *Fried,* 509 Pa. at 96, 501 A.2d at 215).

The rationale provided in *Fried* was found to be equally applicable to spousal support orders, and that portion of the appeal in *Ritter* which concerned spousal support, was quashed. In a footnote, not pertinent to its holding, the court remarked that its decision was not to be applied to cases where an independent complaint in support is filed in a divorce action. Rather in such a case, the footnote states, "the integrity of the support complaint is maintained and is appealable within thirty (30) days." *Ritter,* 359 Pa.Super. at 16, n. 2, 518 A.2d at 321 n. 2. Without discussion, the language of this footnote was later relied upon by this court in *Myers v. Myers,* 405 Pa.Super. 290, 592 A.2d 339 (1991), to permit review of an appeal from a spousal support order entered in a support proceeding instituted by complaint filed separately from the divorce action.

The validity of the footnote's language in *Ritter* and this court's ruling in *Myers,* was later called into question by a panel decision in *Calibeo v. Calibeo,* 443 Pa.Super. 694, 663 A.2d 184 (1995). The court in *Calibeo,* sought to examine the distinction, if any, between a spousal order entered in connection with a divorce action, and one entered in a proceeding initiated by a separately filed complaint, such as the instant case. Citing to modifications of the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S.A., the court in *Calibeo* concluded that there is no longer any reason to distinguish a spousal support order, regardless of how it was initiated, from an alimony *pendente lite* order. As such, the court in *Calibeo* opined, the spousal support order should not be appealable until all claims connected with the divorce are resolved.

In reaching its decision, the court in *Calibeo* noted the ruling of *Ritter, supra,* which held that a spousal support order set in a divorce action is indistinguishable from an

alimony pendente lite order and, such is, interlocutory and unreviewable on appeal. *See Fried, supra.* The court in *Calibeo* proceeded to refer to recent amendments to the Rules of Civil Procedure, specifically, Rules 1920.31(d) and 1920.76 which provide for the automatic conversion of spousal support to alimony *pendente lite* upon entry of a divorce decree, if any economic claims remain pending. Pa.R.C.P., Rules 1920.76 and 1920.31(d), 42 Pa.C.S.A. The court further cited to the amended Rule 1910.16–1(a), Pa.R.C.P., 42 Pa.C.S.A., which requires that alimony *pendente lite* be determined in accordance with the support guidelines. The court concluded that these changes highlight the fact that the "difference between alimony pendente lite and spousal support, no matter if it is part of the divorce action or filed separately, is negligible and now neither is appealable until all claims are resolved." *Calibeo v. Calibeo,* 443 Pa.Super. at 697–8, 663 A.2d at 185. *See also Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237 (1996) (quashing spousal portion of allocated support award as interlocutory where economic matters in the divorce remain open.)

Upon review of the developing law in this area, we conclude that the decision in *Calibeo* is sound and in keeping with the guidance offered by our Supreme Court in *Fried. Fried, supra.* The lines which may have once distinguished spousal support actions initiated by a separately filed complaint from those which are part of a divorce action, have been erased.

We have already held that spousal support and alimony *pendente lite* are "indistinguishable in the context of a divorce action," *Ritter v. Ritter,* 359 Pa.Super. at 16, 518 A.2d at 321, and the recent amendments strengthen this ruling. The Explanatory Comment to Rule 1920.31 notes that with the recent changes "there is little difference between the two." Pa.R.C.P. 1920.31, 42 Pa.C.S.A., Explanatory Comment 1994. While acknowledging that the entitlement defense continues to be available, the Comment reiterates that the amended rule permits automatic conversion of spousal support to alimony *pendente lite* upon entry of the decree. *Id.* Because the amount of alimony *pendente lite* is to be determined by the

guidelines, as is an amount for spousal support, any distinctions that can be drawn are negligible, at best. Regardless of whether a spousal support award results from a separately filed complaint, if relief in the form of support is sought, the resulting spousal support order has identical qualities to an alimony *pendente lite* order. For the same reasons which justify the procedures concerning alimony *pendente lite* orders, any spousal support order entered while divorce and property settlement matters are pending should not be appealable until all the economic matters regarding the divorce have been resolved.

The result we reach today will in no way impair the ability of either spouse to seek to correct any inequities of a spousal support award. As pointed out by our supreme court in *Fried, supra,* any errors made in the award can be corrected in the final settlement when formulating equitable division of the marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus, until all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property, and, if necessary, on appeal from that final order. In the rare case where a question arises in a spousal support award which a party believes is of sufficient significance to warrant an immediate appeal under the criteria set forth in Chapter 13 of the Rules of Appellate Procedure, (interlocutory appeals by permission) then that party may make a request for immediate review. Pa.R.A.P., Rule 1301 *et seq.,* 42 Pa.C.S.A. Accordingly, our ruling today will not infringe on the rights of a party to contest a spousal support ruling. In fact, as noted by the court in *Fried, supra,* the elimination of appeals during the pendency of a divorce action until final resolution of all economic matters favors the indigent party by removing from the party with the greater resources the ability to engage in dilatory and costly litigation. *Fried v. Fried,* 509 Pa. at 97, 501 A.2d at 215.

In conclusion we hold that a spousal support order entered during the pendency of a companion divorce action is not appealable until all claims connected with the divorce action

are resolved. Because the support order in the instant case has been appealed before a final decree in divorce has been entered, and before all economic claims have been resolved, it must be quashed.

Appeal quashed.

JOHNSON, J., files a dissenting opinion in which McEWEN, P.J., concurs in the result and TAMILIA, J., joins.

TAMILIA, J., files a dissenting opinion in which SCHILLER, J., joins.

JOHNSON, Judge, dissenting:

My distinguished colleagues consider the appealability of an award of spousal support entered in response to a complaint for support, where the support action is separate from a related divorce action. However, Raymond P. Leister, the appellant, asks us to consider only the question of whether the trial court abused its discretion in finding a consensual separation of the parties thereby entitling the wife to spousal support where a lapse clause in a property settlement agreement between the parties required a reversion back to the parties' positions prior to separation.

I believe that by considering the appealability of an otherwise final order we have exceeded our scope of appellate review. I further believe that the record facts do not permit the analysis which is undertaken by my colleagues. Finally, after my review of the entire record, I would affirm the order granting spousal support. For all of these reasons, I must respectfully dissent.

I turn, first, to our scope of appellate review. Our supreme court provides clear guidance in two cases, both of which, like the matter here before us, involve appellate review of a domestic relations order. In *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), wife filed for a bed and board divorce and petitioned for alimony and preliminary counsel fees pendente lite. The trial court granted wife's petition and ordered husband to pay both alimony and preliminary counsel fees.

Later, wife petitioned for additional fees and reimbursement of costs, both of which were granted. On appeal to this Court, husband asserted that the trial court (1) erred in denying husband's right of cross-examination concerning wife's separate estate and (2) abused its discretion in awarding counsel fees of $5,000. This Court, instead of addressing those issues, declared that it was "compelled to consider whether, in light of the adoption of the Equal Rights Amendment to the Pennsylvania Constitution, §§ 11 and 46 of the Divorce Law ... providing respectively that wives, *but not husbands,* may obtain divorces from bed and board and be allowed reasonable alimony pendente lite, counsel fees, and costs in a divorce action, still pass constitutional muster." *Wiegand v. Wiegand,* 226 Pa.Super. 278, 280–81, 310 A.2d 426, 427 (1973) (footnotes omitted). This Court held that §§ 11 and 46 impermissibly discriminated on the basis of sex and were therefore void as repugnant to the Constitution. *Id.* at 286, 310 A.2d at 430.

In reversing this Court's decision, our supreme court held as follows:

> The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decision making. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy.... Furthermore, sua sponte determinations raise many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court.

461 Pa. at 485, 337 A.2d at 257 (citations omitted). In *Wiegand,* our supreme court concluded that this Court should not have considered an unpresented issue, but instead should have resolved the appeal on the basis of the issues raised by the parties. *Id.* at 485, 337 A.2d at 257–58. The matter was reversed and remanded to this Court for consideration of the issues raised at trial and properly preserved for appellate review. *Id.* at 485, 337 A.2d at 258.

In another case, husband brought an appeal to this Court from that portion of a final divorce decree that distributed the parties' property. *Estep v. Estep*, 326 Pa.Super. 404, 474 A.2d 302 (1984). The husband had preserved his objections in the trial court based upon an alleged improper division of the marital assets. On appeal, this Court reversed, holding that the disputed property items were "non-marital" assets and therefore not subject to equitable distribution. Wife then appealed to our supreme court, which reversed our decision, stating that this Court's holding that the assets were "non-marital" was outside the scope of proper appellate review. *Estep v. Estep*, 508 Pa. 623, 500 A.2d 418 (1985). As in *Wiegand*, our supreme court remanded the matter for consideration of any outstanding issues not previously considered. *Id.* at 628, 500 A.2d at 420.

More recently, this Court had received an appeal from the denial of a petition to remove a compulsory nonsuit. *Franek v. Sun Oil Company*, 352 Pa.Super. 621, 505 A.2d 1038 (1985) (table). Without addressing the trial court's alleged abuse of discretion in refusing to remove the nonsuit, we held that the granting of the nonsuit was premature under Pa.R.C.P. 230.1 because no evidence had yet been presented in the case. On further appeal, our supreme court, citing to *Estep*, once again reversed and remanded. *Franek v. Sun Oil Company*, 515 Pa. 220, 527 A.2d 1006 (1987) (per curiam).

In this case, the Brief for Appellant sets forth the only issue upon which review is sought as follows:

SHOULD THE COURT REVERSE THE AWARD OF SUPPORT UNDER CIRCUMSTANCES WHERE THE LAPSE CLAUSE IN THE AGREEMENT REQUIRES A REVERSION BACK TO THE PARTIES' POSITION PRIOR TO THE SEPARATION AND THE PRE–SEPARATION POSITION WAS SUCH THAT WIFE HAD NO ADEQUATE GROUNDS, NOR HUSBAND'S CONSENT, TO SEPARATE FROM THE MARITAL RESIDENCE?

Brief for Appellant at 4. The order from which the appeal has been taken sets forth, in its entirety:

## ORDER OF COURT

AND NOW, this 16th day of September, 1994, after full review of the record, and in accordance with Order of Court dated August 31, 1994, record indicating that consensual separation does not impair the obligation of the defendant for spousal support, defendant's Objections to the Order of Court entered May 4, 1994 are denied and dismissed.

Defendant is directed to comply with said Order. Wage attachment to remain in full force and effect.

BY THE COURT:

s/James C. Hogan J.

Order, filed September 20, 1994.

Neither the Appellant nor the Appellee have included anything in their briefs to this Court on the issue of the appealability of the order. I find nothing in the certified record to suggest that the issue which my colleagues address was even raised in the trial court prior to entry of the order prompting this appeal. I conclude that the question which my colleagues seek to answer—the question of the immediate appealability of a spousal support order, entered in response to an independent complaint for support and during a separate divorce action—is beyond the scope of our proper appellate review. *Estep v. Estep, supra,* at 628, 500 A.2d at 420; *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 233, 478 A.2d 800, 804–805 (1984) (Superior Court exceeded proper scope of appellate review by reviewing the record independently of the issues raised by the parties); *Wiegand, supra,* at 485, 337 A.2d at 257–58. *see also Smith v. King's Grant Condominium,* 418 Pa.Super. 260, 273, 614 A.2d 261, 268 (1992) (per Ford Elliott, J., with one judge concurring in the result) (reviewing court exceeds its scope of review by considering an issue sua sponte), *aff'd* 537 Pa. 51, 640 A.2d 1276 (1994).

Next, I consider whether, assuming that the issue presented by Husband is within our scope of review, there is sufficient information within this certified record to answer it.

First, I begin with what is *not* in the certified record presented to this Court. It is only through the testimony of

Colleen Leister ("Wife") at the hearing on support in *this* case that we may assume that a complaint in divorce was filed in another case on or about June 29, 1993. N.T., August 31, 1994, at 8–9. I have found nothing in the record setting forth either the docket number or the court in which the divorce action may have been filed. No pleadings from the alleged divorce action have been attached, or even cited, in this case. As to the scope and status of the alleged divorce action, we have the assertion of the trial judge, the Honorable James C. Hogan, in his Memorandum Opinion filed pursuant to Pa. R.A.P. 1925(a), that Wife has not filed for spousal support in the divorce action. Opinion, filed December 5, 1994, at 2. This is consistent with the representations of counsel made to the trial court at the support hearing, wherein the following transpired:

**THE COURT:** Is there a divorce action pending?

**MR. DESCHLER [Wife's Counsel]:** Yes, there is.

**THE COURT:** Has the matter been scheduled before a master for equitable distribution?

**MR. DESCHLER:** No, Your Honor.

**THE COURT:** Is it demanded by either party?

**MS. FENCHEN [Husband's Counsel]:** Your Honor, as far as we're concerned, yes. And as a matter of fact, *I would like to at this point request that we be allowed leave to add an equitable distribution count to the divorce complaint, as it was not included in the original filing.* Do you have any objection to that?

**MR. DESCHLER:** Well, Your Honor, number one, *we're here for a support matter.* And secondly, I don't think we need leave of court to do that, as long as it's raised before the final decree.

N.T., *supra,* at 3–4 (emphasis added).

It is not clear from this record where the divorce action was filed. From the colloquy between the trial court and counsel, however, it may be assumed that the complaint was filed in the Court of Common Pleas of Northampton County. What is clear, nevertheless, is that both at the time of the last hearing

in this matter and at the time the trial court entered its order we now review, a prayer for equitable distribution had not been pleaded, and Wife had not filed a claim for spousal support in the divorce complaint.

With this background, I turn to the analysis of my colleagues concerning the appealability of the order awarding spousal support. In support of its conclusion that the appeal in this case must be quashed, the Majority Opinion relies on dictum found in a panel opinion of this Court, *Calibeo v. Calibeo*, 443 Pa.Super. 694, 663 A.2d 184 (1995). In my view, that case is distinguishable because the *Calibeo* court treated the appeal as a divorce action determined by the civil procedure rules governing actions of divorce, Pa.R.C.P. 1920.1–1920.92, rather than the rules governing actions for support, Pa.R.C.P. 1910.1–1910.49. This Court said, in *Calibeo:*

> [S]ince a divorce was entered in this case and the supplemented record now reflects that no economic claims remain to be decided, the spousal support award is deemed alimony pendente lite [pursuant to amended Rule 1920.31(d) ] and will be reviewed on its merits.

*Id.* at 698, 663 A.2d at 186. In the dictum found in *Calibeo* concerning the appealability of a spousal support order in a separately filed complaint for support, no authority is cited, nor is any analysis provided, to support the implied premise that the rules governing actions for support and the rules governing actions of divorce may be commingled and interpreted together, on the basis that "the difference between alimony pendente lite and spousal support, no matter if it is part of the divorce action or filed separately, is negligible." *Id.* at 697–98, 663 A.2d at 185.

Until the dictum expressed in *Calibeo,* the law in this area was clear. Where a spousal support order was entered in a support proceeding instituted by complaint filed separately from any divorce action, the order was final and appealable. *Myers v. Myers,* 405 Pa.Super. 290, 592 A.2d 339 (1991). The Majority suggests that the holding in *Myers* depended upon a footnote found in *Ritter v. Ritter,* 359 Pa.Super. 12, 16 n. 2, 518 A.2d 319, 321 n. 2 (1986). However, I am unaware of any

case decided before *Ritter* and *Myers* which would have suggested any contrary result. The result in *Myers* follows both logic and common sense, since matters filed separately in the court of common pleas are always treated separately on appeal, unless they are ordered to be consolidated. *See* Pa.R.A.P. 513. The majority cites to no case law that permits an appellate court to go outside the record of a case on appeal for purposes of determining whether there might be some other case which would control the appealability of the case then before the appellate court.

If our supreme court desired to establish the non-appealability of a final order in an action for support, it would have done so by adopting an amendment either to the rules governing actions for support, Pa.R.C.P. 1910.1–1910.49, or in the Rules of Appellate Procedure, rather than challenging the bench and bar to locate that new principle of law in a rule found within the rules governing an action of divorce, Pa. R.C.P. 1920.1–1920.92. While surely not intended, the Majority's declarations regarding the legal impact that amendments to the divorce rules will have on separate actions for support constitutes, in my view, an improper incursion into the exclusive jurisdiction of our supreme court. The formal purpose of this Court is to maintain and effectuate the decisional law of the Supreme Court of Pennsylvania as faithfully as possible. *Commonwealth v. Dugger*, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985); *Commonwealth v. Fiore*, 445 Pa.Super. 401, 418, 665 A.2d 1185, 1193 (1995); *Miller v. Berschler*, 423 Pa.Super. 405, 408, 621 A.2d 595, 597 (1993), *overruled on other grounds by McMahon v. Shea*, 441 Pa.Super. 304, 313, 657 A.2d 938, 942 (1995) (en banc), *allocatur granted* 544 Pa. 611, 674 A.2d 1074 (1996). I am prepared to await the pronouncement from our supreme court that actions in support are not governed by the rules governing those actions but rather by the rules governing actions of divorce.

Because I believe this Court is required to address the issue brought to us by the appellant, I now turn to that matter. On September 10, 1993, Wife filed a petition for spousal support. She later withdrew her petition after execution of the parties'

property settlement agreement. Under the agreement, Wife received a 1991 Mitsubishi automobile, payment of one month's rent, two months' support of $250.00, and relief from certain debt obligations incurred during the marriage. Husband received the marital residence. Under the terms of the agreement, it would become null and void after six months if a divorce between the parties were not effectuated. Prior to the expiration of the six-month period, Wife indicated her intention to not abide by all of the terms of the agreement. The matter was litigated and the trial court declared the agreement null and void. Wife filed a second petition for spousal support, leading up to the award of support from which this appeal has been brought.

On appeal, Husband contends that the separation of the parties was non-consensual, and that Wife's departure from the marital abode was willful, malicious, and without consent or encouragement. Wife argues that the separation was consensual.

This Court has set forth the standard by which we review support orders as follows:

> "Initially we note that our scope of review from an Order awarding support is very narrow. We can reverse a support Order only if we find that the Order cannot be sustained on any valid ground. The decision of the trial court will not be reversed absent an abuse of discretion or an error of law."

*Hoag v. Hoag,* 435 Pa.Super. 428, 433, 646 A.2d 578, 581 (1994), *aff'd by an equally divided court,* 541 Pa. 621, 664 A.2d 1354 (1995), *quoting McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 42, 613 A.2d 20, 22 (1992) (citations omitted). A finding of an abuse of discretion with respect to support proceedings is not lightly made and is determined only upon a showing of clear and convincing evidence that would require reversal. *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa.Super. 125, 127, 326 A.2d 908, 910 (1974). Wife's failure to live with Husband does not justify Husband's refusal to support Wife unless the separation is willful and malicious and without consent or encouragement. *Id.* at 128–29, 326 A.2d at 911.

Based upon my review of the certified record, I would conclude that the sole contention advanced by Husband on this appeal is meritless. The Memorandum Opinion filed by Judge Hogan pursuant to Pa.R.A.P. 1925(a) contains an adequate analysis and complete response to the only issue presented by Husband. Accordingly, I would affirm the order of September 16, 1994 which denied and dismissed Husband's objections to the earlier order of May 4, 1994, awarding support to Wife.

I conclude that the appealability issue which my esteemed colleagues consider is beyond the proper scope of appellate review. Because I would entertain the appeal and, after review, affirm the trial court's order, I must respectfully dissent.

TAMILIA, Judge, dissenting:

The majority, without reviewing the merits of this appeal, quashes the appeal as being interlocutory. The termination is based on the decision rendered in *Calibeo v. Calibeo,* 443 Pa.Super. 694, 663 A.2d 184 (1995) (*Calibeo III* ). *Calibeo,* sua sponte, determined that a change in the rules dealing with the entering of a divorce decree mandated a change in appeals of support cases rendering all support actions, whether or not *separate* from a divorce action, to be non-appealable pending a final decree. The rule relied on, Pa.R.C.P. 1920.76, **Form of Divorce Decree,** provides, in the paragraph which follows the provision for retaining jurisdiction of any claims raised where a final Order has not been made,

> Any existing spousal support order shall hereafter be deemed an order for alimony pendente lite if any economic claims remain pending.

This provision should not be read to mean that all spousal support Orders become alimony Orders when a divorce action is pursued. From the title of the rule, **Form of Divorce Decree,** it is clearly limited to situations wherein a divorce decree has been entered while a support Order remains outstanding. The term "hereafter" refers to the date of the divorce decree and not to the date of the entry of the rule.

Among other things, *Calibeo* and the majority ignore the fact that by the erroneous interpretation of the sentence added to the divorce decree form, a profound change has been wrought in the historic treatment of support and alimony as two different entities. The majority ignores the context in which that sentence is contained, that being an Order granting a divorce decree from the bonds of matrimony (1) where jurisdiction is retained over claims for which a final Order has not yet been entered and (2) where a spousal support Order exists. To protect an existing spousal support Order, which would terminate upon the entry of a decree, when there would be continuing need because significant claims of custody, permanent alimony and equitable distribution remain to be decided, the spousal support would *hereafter* be treated as alimony pendente lite, which continues throughout the litigation on the other claims.

The majority has taken the word "hereafter" totally out of its contextual parameters and gratuitously applied it to all spousal support Orders, however and whenever entered once an action in divorce is filed. It ignores the fact that the one-sentence provision is contained in Rules on Divorce and Annulment and applies very specifically to the contents of the form of the Divorce Decree, while nothing has been changed to qualify the status of support Orders in the controlling Rule 1910.01 et seq., **Actions for Support**. If the majority believes the provision of Rule 1920.76 somehow becomes incorporated into Rule 1910, it cannot have a nullifying effect. The Explanatory Comment–1994 provides:

Nothing in this rule should be interpreted to eliminate the distinctions between spousal support and alimony pendente lite which are established by case law.

Thus, it is conclusive that once a spousal support Order is entered separate from a divorce action or claim thereto, it retains its unique character under case law, including appealability *until a final decree in divorce has been entered at which time* the divorce decree Rule 1920.76 treats it as a continuing alimony pendente lite Order, when otherwise it would have been extinguished by operation of law. It was immediately

sensible to incorporate such a provision because marital claims more often than not continue in litigation long after a decree has been entered. The provision for bifurcation had to be adopted because the idealistic goal of original versions of the divorce code contemplated all issues to be resolved and determined in one proceeding and formalized simultaneously in a single, final decree. The resulting bifurcated proceeding and decree imposed a significant hardship upon spouses with a spousal support Order not included in the divorce action (but not on those incorporated in the divorce action) which is corrected by the additional language in Rule 1920.76. This was intended to right a wrong and not to deny a significant right, that of immediate appeal, which has been assured from time immemorium by statutory law, case law and the rules of civil procedure.

The action in this case was initiated pursuant to support rules 1910.10 and 1910.11 and not pursuant to a claim for alimony pendente lite or spousal support under divorce rule 1920.31, **Joinder of Related Claims, Child and Spousal Support, Alimony, Alimony Pendente Lite, Counsel Fees, Expenses.** Rule 1920.31(d) which provides, "[u]pon entry of a decree in divorce, any existing order for spousal support shall be deemed an order for alimony pendente lite if any economic claims remain pending", reenforces the position that spousal support Orders are not ipso facto converted into alimony pendente lite Orders upon filing of an action in divorce, but *only become so upon entry of a decree when any economic claims remain pending.* For various reasons, a support action may have been pursued distinct from the divorce action or a claim for alimony because alimony and support are distinguishable. A spouse may need the desirable aspect of a support Order, one of which is its appealability. Support may be denied due to fault or consensual separation (as here) whereas alimony is generally based purely on need (fault may be considered). 23 Pa.C.S. § 3701, **Alimony.** Significance of fault is lessened by the fact it is one of 17 statutory factors. *Nuttall v. Nuttall,* 386 Pa.Super. 148, 562 A.2d 841 (1989). Support Orders terminate upon entry of the divorce decree;

alimony pendente lite (as well as permanent alimony) continue after the decree under certain circumstances such as bifurcation of economic issues. Support actions may be filed during a separation when divorce is not immediately contemplated or during the waiting period of two years required under section 3301, **Grounds for Divorce**, section (d), **Irretrievable breakdown.**

In *Calibeo,* much is made of the fact that alimony as well as support may now be determined by the guidelines pursuant to Pa.R.C.P. 1910.16–1. This does not alter the distinction between support and alimony but simply treats the calculation of the amount payable in a uniform fashion and expedites the process of computing alimony, a necessary elimination of confusing and conflicting standards.

Because the support Order provision in section 1910–16(b) provides that an unallocated Order in favor of a spouse and one or more children is a final Order and appealable does not mean that a spousal support Order alone is not a final Order and not appealable as stated in *Calibeo III.* The majority infers this issue, which it now declines to discuss, would aid it, without explaining how that result is achieved. The rules of civil procedure clearly establish the procedure for processing review and appeal of support actions separately initiated and not part of a joinder of related claims in a divorce proceeding. Should support be sought after separation and not as a claim joined in a divorce action, the final Order is appealable as are all final Orders in civil proceedings. Rule 1930.2, **No Post Trial Practice. Motions for Reconsideration,** provides there shall be no post-trial relief in any domestic relations matters except in paternity actions tried by jury (then permitted in accordance with Pa.R.C.P. 227.1). A party aggrieved by the decision of the court (1930.2(b)) may file a motion for reconsideration in accordance with Pa.R.A.P. 1701(b)(3). If not granted, the time for filing notice of appeal will run as if the motion for reconsideration had never been filed. The Note advises that Pa.R.A.P. 903, **Time for Appeal,** applies, requiring that notice of appeal shall be filed within thirty days after the entry of the Order from which the appeal was taken.

*Calibeo III* has misconstrued the intent and extent of the rule changes which accomplished two purposes, first, to make alimony subject to the support rules and guidelines and secondly, to provide the continuance of a spousal support Order as alimony pendente lite upon entry of a divorce decree when bifurcation as to economic issues has occurred. This was obviously a well-considered revision to prevent termination of an existing support Order and to provide for alimony pendente lite, when such an action could no longer be entertained because the decree had been entered. 23 Pa.C.S. § 3104, **Bases of jurisdiction.** See *Foley v. Foley,* 392 Pa.Super. 9, 572 A.2d 6 (1990); *Thill v. Larner,* 321 Pa.Super. 62, 467 A.2d 894 (1983). The provisions extended protection to the dependent spouse and should not be construed to limit a right to appeal which could impose a detriment to that spouse.

The facts of this case are simple. Husband filed for divorce on June 29, 1993 and a property settlement agreement was entered into on September 9, 1993. Husband and wife separated on September 28, 1993, at which time the wife left the marital residence. Wife then filed a petition seeking spousal support (separate from any divorce complaint) on March 9, 1994. On May 4, 1994, a support Order was entered requiring husband to pay spousal support in the amount of $468 per week. Husband requested a de novo hearing and, on December 4, 1994, the trial court affirmed the spousal support Order. Husband appeals alleging the separation was consensual and wife is not entitled to support. These facts raise issues which do not involve the divorce action and, regardless as to how resolved by the trial court, should be appealable as imposing hardship to either party in the event of error by the trial court. If the trial court had determined the wife was ineligible for support because of her consensual separation or desertion under the ruling by the majority, she could not appeal that decision until a final decree of divorce was entered, which could extend for a considerable period of time, imposing severe hardship on the wife. The husband might or might not be in a better position depending upon assets available at

distribution of the estate and the length of time it took to obtain a final Order.

In summation, the amendments to the guidelines were not intended to limit the right to appeal in spousal support cases nor were they intended to convert all support Orders into alimony Orders upon filing of a divorce action. It is clear that nothing in the amendments to the guidelines has the effect of eliminating appeals in support cases during the pendency of a divorce case, and the one reference to appeal of unallocated child and spousal support Orders cannot be construed to eliminate the right of appeal in spousal support cases. The guidelines state that there cannot be an alimony pendente lite and spousal support Order existing at the same time which indicates that one is not exclusive of the other but one may be a substitute for the other. Finally, the clear intent of the amendments is to provide for continuing spousal support in the form of alimony pendente lite, upon the entrance of a divorce decree when economic interests remain to be litigated in a bifurcated case. Those revisions were necessary for two reasons. First, if alimony pendente lite (or permanent alimony) is not requested in the divorce complaint or an amendment thereto *before* the divorce decree is entered, it is waived and may not thereafter be claimed. See *Thill, supra.* Second, once a divorce decree is entered, *support ends* and only a previously existing alimony pendente lite Order survives the decree in a bifurcated case. The dependent spouse may be left without support for some time, dependent upon the entrance of a permanent alimony Order which might be one of the economic issues preserved. If the rules intended that all support Orders, upon filing of a divorce complaint, became alimony pendente lite Orders, this would have been clearly stated. *As written, the rules provide for conversion of spousal support Orders to alimony pendente lite only upon entrance of a divorce decree where economic issues have been preserved, and not upon filing of a divorce complaint or any time a support Order is entered thereafter.* The cases are legion wherein the spousal support Orders preexist the divorce complaint or is obtained well after the filing of the

complaint. To deny the right to appeal from these Orders, which are separate from the divorce action, takes away a substantial right from a spouse to appeal an inequitable Order during sometimes prolonged divorce proceedings. A perfect example is *Calibeo III*, cited as authority by the majority. In that case, the parties separated on May 13, 1987; wife filed for divorce on April 21, 1988 and claimed for spousal support and equitable distribution. Under *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986), she was not entitled to appeal the spousal support Order. However, in the initial *Calibeo* case, the support Order was appealed and this Court affirmed the Order rather than quashing the appeal. *Calibeo v. Calibeo*, 397 Pa.Super. 636, 571 A.2d 497 (1989) (unpublished Memorandum) (*Calibeo I* ). The appeal of both parties on divorce issues was appealed, heard and decided by this Court on July 8, 1994. *Calibeo v. Calibeo*, 437 Pa.Super. 659, 649 A.2d 457 (1994) (unpublished memorandum) (*Calibeo II* ). Ultimately, in the published Opinion, *Calibeo III, supra,* the support issues were revisited, and contrary to the statement in *Calibeo I* (support filed as part of the divorce complaint), *Calibeo III* held sua sponte that it was a separate support action but nevertheless was untimely due to the changes in the guidelines. This Opinion was filed July 31, 1995. This extended case points out, however, the benefit to a dependent spouse that comes from being able to file a separate support action, distinct from the divorce complaint where a divorce, as here, is in progress for over eight years. Such Orders can be appealed and reviewed periodically and thereby prevent hardship. Nothing in the guidelines changes the effect of *Ritter, supra,* and *Myers v. Myers,* 405 Pa.Super. 290, 592 A.2d 339 (1991). *Calibeo III* should not be construed or permitted to overrule two other published cases when the intent was not clearly spelled out by the guidelines to do so.

I would decide the case on its merits and not quash the appeal.