J.A13042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OBIANUJU S. OLIVER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STACEY L. OLIVER, | : | |
| | : | No. 2759 EDA 2013 |
| Appellee | : | |

Appeal from the Order Entered September 6, 2013
In the Court of Common Pleas of Philadelphia County
Domestic Relations No(s).: 10-09243; PACSES No. 510111750

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 16, 2014**

Appellant, Obianuju S. Oliver, ("Wife") appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas awarding her spousal and child support.[1]   Wife contends that alimony should be awarded to her based upon the Federal Poverty Guidelines for her household size of two pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. 1183(a), also known under Section 213A of the INA as form I-864.  Wife has also filed with this Court an application to file an amended brief and an

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellee, Stacey L. Oliver, ("Husband"), also proceeds *pro se* in this appeal.

amended brief. We grant Wife's application, accept the amended brief, and affirm.

On May 21, 2012, the Master in Support entered a proposed order of support which provided that Husband shall pay child support in the amount of $768.31 per month and spousal support in the amount of $738.58 per month, plus $50.00 monthly toward arrears.[2] On September 6, 2013, the trial court entered the following order:

> Both parties present *pro se*. The court heard from both parties on [Husband's] exceptions. [Husband's] exceptions are denied. The court heard from both parties on [Wife's] exceptions. [Wife's] exceptions are denied.
>
> Proposed order entered as final support order.

Order, 9/6/13. This timely appeal followed.[3] Wife filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

On October 28, 2013, this Court entered the following *per curiam* rule to show cause order:

> This appeal has been taken from the September 6, 2013 order in support. It is unclear if the spousal support portion of this order is final and appealable. Generally, an

---

[2] The facts are unnecessary for our disposition.

[3] The support order was entered on September 6, 2013. The thirtieth day thereafter was Sunday, October 6, 2013. **See** Pa.R.A.P. 903(a). Wife's notice of appeal was filed on October 7, 2013 and was therefore timely. **See** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

> appeal only lies from a final order. ***See*** Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties); ***Leister v. Leister***, 684 A.2d 192 (Pa. Super. 1996) (. . . spousal support [is not] appealable until all economic issues have been resolved); ***Fried v. Fried***, 501 A.2d 211 (Pa. 1985) (issues are reviewable after entry of divorce decree and resolution of all economic issues). Instantly, it is unclear if there has been a divorce compliant [sic] filed. If a divorce compliant [sic] has been filed, it is unclear if a divorce decree has been entered and if all economic claims have been resolved.
>
> Accordingly, [Wife] is directed to show cause . . . as to the appealability of the spousal support portion of the order. . . .

Order, 10/28/13.

Wife filed a response to the order and argued that the spousal support order was appealable pursuant to the INA. Wife averred that she "is concerned that errors made in the trial court, if not corrected in the Superior Court of Pennsylvania, would be made a final order during the divorce proceedings. [Wife] is not aware of how long the divorce proceedings will last." Wife's Show Cause as to Appealability of Support Order, 11/1/13, at 4 (unpaginated).

On November 4, 2013, this Court entered the following *per curiam* order:

> In accordance with the rule to show cause order dated October 28, 2013 and in consideration of your response that there are still outstanding economic issues to be resolved in the parties' divorce case; **solely the issues regarding child support** will be referred to the panel assigned to decide the merits of this appeal. . . .

Order, 11/4/13 (emphasis added).

Wife raises the following issues on appeal:

> 1. Is [Wife] entitled to retroactive Spousal Support starting June 22, 2010? . . .
>
> 2. Did the trial court erred [sic] in counting [Wife's] "earning capacity" as "income" against [Husband's] support obligations? . . .
>
> 3. Did the trial court erred [sic] by not reviewing [Wife's] annual income[?]
>
> 4. Did the trial court erred [sic] by not ordering [Husband] to pay more as the Child's Expenses increase? . . .
>
> 5. How does [Husband's] I-864 Affidavit of Support obligation affect Divorce Settlements? . . .
>
> 6. Did the trial court erred [sic] when Judge Peter Rodgers grant [sic] [Wife's] Exceptions and Judge Elizabeth Jackson denied same exceptions? . . .

Wife's Brief at 6-8.

As stated above, Wife also filed an application to amend her brief, certifying the "Amended Brief contains only matters not being resolved at the Divorce Court." Wife's Mot. to Amend Appellant's Brief, 5/6/14, at 1. The amended brief does not contain a statement of the questions involved pursuant to Pa.R.A.P. 2119(a).

As a prefatory matter we consider whether Wife has waived the issue of whether "the trial court erred by not ordering [Husband] to pay more as the Child's Expenses increase." **See** Wife's Brief at 7.

The "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." ***Harris v. Toys "R" Us-Penn, Inc.***, 880 A.2d 1270, 1279 (Pa. Super. 2005). This Court has stated:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. . . . Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted). An appellant abandons an issue by not addressing it in the argument section of the brief. ***In re K.K.***, 957 A.2d 298, 303 (Pa. Super. 2008) (citing ***In re Jacobs***, 936 A.2d 1156, 1167 (Pa. Super. 2007) (finding issue waived because appellant did not address it in argument section of appellate brief)).

Wife did not address the issue of child support in the argument section of her brief, reply brief, or amended brief. Therefore, we find the issue abandoned. ***See id.***; ***Harris***, 880 A.2d at 1279. This Court previously notified Wife we will not hear any spousal support issue.

Order affirmed. Application to file amended brief granted and brief accepted.

J. A13042/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014