J-S11028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANE E. MACKIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. MACKIE | : | No. 1195 WDA 2016 |

Appeal from the Order Entered July 15, 2016
In the Court of Common Pleas of Washington County
Domestic Relations at No(s): 473 DR 2013, Pacses: 516114042

BEFORE:   OLSON, J. RANSOM, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY RANSOM, J.:                **FILED APRIL 11, 2017**

Appellant, Diane E. Mackie, appeals from the order entered July 15, 2016, denying her petition for modification of spousal support.  We quash the appeal as interlocutory.

In October 2013, Appellee filed a divorce action at Washington County Prothonotary Docket No. CP-63-CV-201306350.  The proceedings are unresolved, as there is no final decree.

In April 2014, Appellant commenced a support action under docket number 00473DR2013.  In March 2015, Appellant filed a Petition for Modification of Support.  In May 2015, Appellant filed her second Petition for Modification of Support, and Appellee filed his first petition for modification.

_____

[*] Former Justice specially assigned to the Superior Court.

In July 2015, the parties appeared for a mandatory support conference at which time Appellee requested a *de novo* support hearing. In January 2016, a *de novo* hearing was held; the Support Hearing Officer subsequently submitted Findings and a Recommended Order. Both parties timely filed exceptions to the recommended order. In February 2016, the trial court held oral argument on the exceptions. Following oral argument, the parties agreed to have their case remanded to the hearing officer for further consideration. In May 2016, the hearing officer filed his Findings and Recommended Order. Again, both parties filed exceptions and oral argument was scheduled for June 2016. On July 15, 2016, the trial court entered an order that granted in part and denied in part the exceptions of the parties. Trial Court Opinion, 7/15/16 at 15.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for review:

1. Whether the trial court erred in upholding the Master's decision[,] which failed to consider Defendant's substantial 2015 income from Northrop Grumman when making his support calculation when the Modification Petition, which was the basis of this hearing, was filed in March 2015, and all income from 2015 was relevant to the calculation of Defendant's support obligation.

2. Whether the trial court erred in failing to consider income discovered after the January 2016 hearing once Defendant produced his 2014 tax return and its attachments.

3. Whether the trial court erred by concluding that Plaintiff had failed to timely raise the issue of Husband under-reporting his 2014 income at the December 2014 hearing, when said

- 2 -

income was not known to the Plaintiff until Defendant finally submitted his 2014 tax return, and its attachments, to the court *after* the January 2016 hearing.

Appellant's Brief, at 4.

We must first examine the question of jurisdiction. Although this issue is not addressed by the parties, jurisdictional issues may be properly raised by the Court *sua sponte.* **See Leister v. Leister**, 684 A.2d 192, 193 (Pa. Super. 1996) (en banc) (citing **Fried v. Fried**, 501 A.2d 211 (1985). Spousal support orders, when entered during the pendency of a divorce action, are interlocutory and unappealable, even if entered pursuant to a separately filed complaint for support. **Leister** 684 A.2d at 193.

Although the trial court issued its opinion on the merits on October 11, 2016, a review of the record indicates that a divorce action had been filed in October 18, 2013, prior to the July 15, 2016 spousal support order and Appellant's August 10, 2016 notice of appeal. The Washington County docket specifically lists October 18, 2013, as the date upon which Appellee filed the divorce complaint.

Given the foregoing facts and the holding of this Court in **Leister**, Appellant's appeal is interlocutory. Appellee's application to expedite is denied as moot.

Application to expedite denied as moot. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/11/2017</u>