J-A29019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHANNON C. BOWMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON S. BOWMAN | : | No. 798 MDA 2020 |

Appeal from the Order Entered May 12, 2020,
in the Court of Common Pleas of Cumberland County,
Domestic Relations at No(s):  2016-01738,
221 S 2016, 661 S 2016.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 09, 2021**

In this complicated matter, Appellant Shannon C. Bowman (Wife) appeals from the order denying her exceptions to the support master's report and recommendation.  The order at issue finalized the obligation of Appellee Jon S. Bowman (Husband) to pay Wife ***child*** support, while simultaneously determining that Wife had an obligation to pay Husband ***spousal*** support. The net result of these offsetting obligations meant that Husband owed Wife child support, but considerably less than what he otherwise would have had to pay.  Wife's appeal concerns this offset; she contends, for a myriad of reasons, that the court's calculations are erroneous.

---

[*] Retired Senior Judge assigned to the Superior Court.

Importantly, the order at issue listed three separate dockets: 221 S 2016 (the child support docket); 661 S 2016 (the spousal support docket); and 16-01738 Civil Term (the divorce docket). The divorce docket addressed the issue of alimony *pendente lite* (APL), but only to clarify that it did not actually order APL. Wife filed a single notice of appeal listing all three dockets, in apparent circumvention of Pa.R.A.P. 341(a). As we explain, we may not reach the merits of Wife's appeal, because this Rule violation constrains us to quash.[1]

The relevant factual and procedural history is as follows: The parties wed on October 12, 2013 and separated less than three years later on February 8, 2016. They had one child during the marriage. In March 2016, Husband filed for divorce thereby creating the divorce docket. In August 2016, Wife filed for child support, creating the child support docket. Also in August 2016, Husband filed for spousal support, creating the spousal support docket. The court issued a single support order. The support order did not address APL, because the issuance of spousal support rendered moot the question of APL.

In 2017, Wife appealed the calculation of the support order to the Superior Court. *See J.S.B. v. S.C.B.*, 2018 WL 4374650, 1464 MDA 2017, (Pa. Super. 2018) (non-precedential decision). In that prior appeal, this Court

---

[1] We note that Wife filed another appeal, 655 MDA 2020, which is separately listed before this panel. That appeal concerns the equitable distribution of the parties' marital assets. It has no bearing on the following discussion of Wife's violation of Pa.R.A.P. 341(a).

affirmed the portion of the support order relating to child support, while quashing the portion relating to spousal support. We explained:

> Because a divorce decree has not yet been entered, the spousal support/APL portion of the Order on appeal is interlocutory and not appealable. ***See Leister*** [***v. Leister***, 684 A.2d 192 (Pa. Super. 1996) [(*en banc*) (holding that spousal support/APL orders, when entered during the pendency of a divorce action, are interlocutory and unappealable, even if entered pursuant to a separately-filed complaint for support)]]. However, this Court has held that during the pendency of a divorce action, "the portion of a trial court order attributable to child support is final and immediately appealable[.]" ***Capuano v. Capuano***, 823 A.2d 995, 998 (Pa. Super. 2003).

***J.S.B.***, at *3 (Pa. Super. 2018) (footnotes omitted).

In September 2018, immediately after the issuance of our prior memorandum, Wife filed with the trial court a petition for modification of the existing support order, seeking to terminate her spousal obligation to Husband. That litigation began with a support conference (November 2018), then proceeded to a *de novo* hearing before the support master (March 2019), which culminated with exceptions to the trial court (February 2020). After further orders, which are irrelevant for our purposes, the trial court ultimately issued the order of May 12, 2020, which triggered this appeal.

The May 12, 2020 order dismissed Wife's exceptions and provided:

> (a) In the case docketed at 221 S 2016 (PACSES 293115832) [the child support docket], the Order dated March 25, 2019 [the master's report and recommendation], is affirmed as a final order.

(b)    In the case docketed at 661 S 2016 (PACSES 038115836) [the spousal support docket], the Order dated March 25, 2019 [the master's report and recommendation], is affirmed as a final order.

(c)    In the case docketed at 16-1738 (PACSES 038115836) [the divorce docket], there has never been an alimony *pendente lite* obligation[…]. […] [Wife's] spousal support obligation to [Husband] continues to be taken into consideration as an offset to the child support obligation that [Husband] owes to [Wife], and spousal support and alimony *pendente lite* cannot exist at the same time.

Order of Court, 5/12/20.

On May 29, 2020 Wife filed a single notice of appeal from the May 12, 2020 order; as noted above, this single notice of appeal listed the three-above dockets: the child support docket; the spousal support docket; and the divorce docket (which is where Wife claims the APL issue resides). Notably, on March 12, 2020, the court issued a divorce decree on the divorce docket, thereby making the spousal support portion final and eliminating the defect from the prior appeal.  Wife presents the following issues for our review:

1. Did the lower court err by failing to find that Husband voluntarily withdrew from the marital residence without legal cause?

2. Did the lower court err in its calculation of the length of time Husband received APL/spousal support?

3. Did the lower court err by failing to find that the short duration of the marriage did not justify awarding support; did not justify the duration of the support order; and that a deviation was warranted?

4. Did the lower court err by finding that Husband satisfied his burden of persuasion that he had a need for support?

5. Did the lower court err by failing to terminate support in July 2017 given the fact that Husband initiated the divorce proceedings and then withheld his consent to the divorce and otherwise caused vexatious delays in the resolution of the litigation?

6. Did the lower court err in accepting the support master's calculation of Husband's 2017 income and in failing to find that Husband willfully failed to inform [the domestic relations office] and Wife within seven days of increases to his income in 2017 and 2018?

7. Did the lower court err by accepting the support master's speculation that Husband's income would be less in 2019 than what was reflected on his 2018 W-2?

8. Did the lower court err by failing to apply a mortgage deviation?

Wife's Brief at 2-4.

However, before we may reach the merits of Wife's appeal, we must determine whether we have jurisdiction. After observing multiple dockets contained in Wife's notice of appeal, in apparent violation of Pa.R.A.P. 341(a), this Court issued a rule to show cause. Wife filed a response, and this Court discharged the rule and referred the issue to the merits panel.

In June 2018, our Supreme Court disapproved of the practice of filing a single notice of appeal from an order or judgment involving more than one docket number. *See generally Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). The Court observed that the "proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on

more than one docket." ***Walker***, 185 A.3d at 977. Accordingly, the Court determined, "[t]he failure to do so requires the appellate court to quash the appeal."

In her response to the rule to show cause, Wife acknowledges the existence of three separate dockets for child support, spousal support, and APL (notwithstanding the trial court's statement that APL had never been awarded). But Wife argues that her single notice of appeal is proper, because the trial court has routinely explained that the spousal support case was always taken into consideration when it issued the general support order. Wife argues that the lower court established at the outset that it would address all support litigation by one single order for child support, while taking into consideration the spousal support issues by way of an offset. Therefore, Wife claims only one notice of appeal needed to be filed, and indeed, only one notice could be filed in this case.

We are not persuaded by Wife's argument. In fact, the reason Wife advances to excuse her noncompliance with Rule 341(a) – *i.e,* that one order settled multiple dockets – is the precise situation where ***Walker*** mandates that multiple notices of appeal be filed. In ***Walker***, our Supreme Court held that was a "bright-line mandatory instruction to practitioners to file separate notices of appeal." 185 A.3d at 976-977. Recently, an *en banc* panel of this Court addressed the inner workings of this bright-line rule in ***Int. of K.M.W.***, 238 A.3d 465 (Pa. Super. 2020). As we explained, the only exception is when a breakdown court operations occurs:

However, there are exceptions to the bright-line rule set forth in **Walker**. This Court has declined to quash a defective notice of appeal when the defect resulted from an appellant's acting in accordance with misinformation from the trial court, deeming the situation a breakdown in court operations. **See Commonwealth v. Larkin**, 235 A.3d 350, 353–54 (Pa. Super. 2020) (*en banc*); **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019). In **Larkin**, an appellant filed a *pro se* notice of appeal seeking relief relating to more than one docket after the order informing appellant of his appellate rights provided "Petitioner has thirty (30) days from the date of this order to file **an** appeal." 235 A.3d at 354 (emphasis in original). An *en banc* panel of this Court held that this Court may "overlook the requirements of **Walker** where ... a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Larkin**, *supra* at 354. Similarly, in **Stansbury**, the lower court advised the appellant that he could pursue appellate review by filing "**a** written notice of appeal[,]" despite the fact that **Walker** compelled the filing of separate notices of appeal at each docket number. 219 A.3d at 159 (emphasis in original). This Court declined to quash the appeal, concluding that a breakdown in court operations occurred. **Id.** at 160.

**K.M.W.**, 238 A.3d at 469.

In **K.M.W.**, a mother appealed the termination of her parental rights, as well as the decision of the lower court to change the goal of the dependency proceedings from reunification to adoption. The court rendered these two decisions in a single order – that is, the termination decree – notwithstanding the fact that each decision stemmed from two separate dockets: the adoption docket (relating to termination) and the dependency docket (relating to the goal change). Appellant-mother decided to mirror her notice of appeal with the trial court's single order, so she listed both dockets on a single notice of

appeal. Notwithstanding this defect, we ultimately declined to quash for reasons not applicable here.

Importantly in **K.M.W.**, the appellant-mother's decision to mirror the court's order, alone, did not excuse her circumvention of Pa.R.A.P. 341(a) and **Walker**. Rather, what excused the mother-appellant's noncompliance was the fact that the trial court informed Mother, "[t]his order shall become absolute as of course if **no appeal** is taken, within thirty (30) days, pursuant to Pa.R.A.P. 341." **K.M.W.**, 238 A.3d at 470 (citing the termination decree, 8/21/19) (emphasis added). Like in **Larkin** and **Stansbury**, the trial court in **K.M.W.** inadvertently provided the appellant-mother with misinformation – namely, that she could seek relief by filing a single appeal from multiple lower court docket numbers. **Id.** Therefore, we held that this misinformation constituted a breakdown in court operations, and we declined to quash the appeal. **Id.**

Admittedly, the instant case involves some similarities to **K.M.W.** In the May 12, 2020 order from which Wife appealed, the order's heading listed three separate docket numbers (including each docket's respective PACSES[2] number). However, Wife did not allege that the trial court directed her to file a single appeal, nor has the record disclosed such instructions. Moreover, the May 12, 2020 order explicitly detailed how it finalized three separate cases – the child support obligation; the spousal support obligation; and the APL

---

[2] This acronym refers to the Pennsylvania's Child Support Enforcement System.

decision – by itemizing which operative order corresponds with which docket. *See* Order of Court, 5/12/20, at ¶¶ (a)-(c) (*supra*). As Wife acknowledged, the trial court explained in its order that the spousal support case was "taken into consideration" to determine the offset obligation in the child support case. *Id.* at ¶(c). But the court's explicit separation of the cases only further supports our conclusion that separate notices were necessary – not the other way around, as Wife argues in her response.

When deciding how to apply the *Walker* mandate to consolidated support cases, we are not without guidance. In *J.M.K. v. P.R.K.*, 2020 WL 4037373 at *1 (Pa. Super. 2020) (non-precedential decision[3]), the appellant-mother appealed from "the order entered in consolidated child support and [APL] matters, that dismissed all of her exceptions to the report and recommendations of the support master." There, we observed that the appellant-mother "timely filed two notices of appeal, one from the order calculating [appellee-father's] APL obligation, and one from the order calculating her child support obligation, pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018)."[4] *J.M.K.* at *2.

---

[3] Per 210 Pa. Code § 65.37 (Non-Precedential Decisions (formerly titled Unpublished Memorandum Decisions), non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. *See also* Pa.R.A.P. 126(b) (Citations of Authorities).

[4] In *J.M.K.*, the larger *Walker* concern was whether the appellant-mother's decision to list *both* dockets on *each* notice constituted a circumvention of Pa.R.A.P. 341(a). Relying on *Commonwealth v. Johnson*, 236 A.3d 1141

In sum, we conclude Wife was obligated to file separate notices of appeal to correspond with the multiple docket numbers, notwithstanding the fact that the support order represented a consolidation of those related cases. Moreover, we find that there was no breakdown in court operations such that Wife would be excused from the strictures of Pa.R.A.P. 341(a). Finally, we recognize Wife's request that we, in the alternative, grant her leave to file three separate notices of appeal. Given the bright-line mandate in **Walker**, and the absence of an exception to the rule, we are constrained to deny her request.[5]

Application for Relief denied. Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

---

(Pa. Super. 2020) (*en banc*), we concluded that the use of multiple dockets numbers on separate notices of appeal was not a violation, and we addressed the merits of the appeal.

[5] Given our disposition, Husband's Application for Relief is denied as moot.